## Case No. 17,498.

### WHEELER v. McCORMICK.

[8 Blatchf. 267; 4 Fish. Pat. Cas. 433.][1]

Circuit Court, S. D. New York. March 9, 1871.

PLEAS IN EQUITY—REFERENCE TO ANNEXED PAPER —INFRINGEMENT OF PATENTS—JURISDICTION OF CIRCUIT COURT, S. D. NEW YORK.

1. Where the allegations of a plea to a bill in equity are qualified by a reference to a paper annexed to the plea, the plea must be read as if the paper were introduced, in its very terms, into the body of the plea.

2. A bill in equity was filed by W., in a circuit court in Illinois, against C. and L., alleging the infringement by them, within the jurisdiction of that court, of a patent granted to W., and praying for an account and an injunction. Subsequently, W. filed a bill in this court, against the said C., alleging the infringement by him, within the jurisdiction of this court, since the filing of the previous bill in Illinois, of the same patent, and praying for an account and an injunction. To such bill in this court C. interposed a plea, setting up, in abatement, the pendency of such previous suit. *Held*, that the plea was bad.

[Cited in Pennsylvania Salt-Manuf'g Co. v. Myers. Case No. 10,955. Distinguished in Turrell v. Spaeth. Id. 14,268. Cited in Gold & S. Tel. Co. v. Pearce, 19 Fed. 419.]

3. The case of Woodworth v. Stone [Case No. 18,021] commented on.

4. It is irregular to file, without special leave of the court, two pleas to a bill in equity.

5. The 6th section of the act of April 3d, 1818 (3 Stat. 415), declaring that the original jurisdiction of the circuit court of the Southern district of New York shall be confined to causes arising within the said district, and shall not be construed to extend to causes of action arising within the Northern district of New York, does not exclude from the jurisdiction of the circuit court for the Southern district of New York causes of action arising out of the state of New York.

6. Rules for the construction of the particular provisions of a statute, stated.

[Cited in Institute for Education of Mute & Blind v. Henderson (Colo. Sup.) 31 Pac. 716.]

[This was a bill in equity, filed to restrain the defendant from infringing letters patent for an "improvement in grass and grain harvesters," granted to complainant December 5, 1854, reissued January 3, 1860, in seven divisions, and extended for seven years from December 5, 1868.][2] The bill of complaint herein described the defendant as a citizen of New York, and alleged that the plaintiff was the inventor of certain improvements in grass and grain harvesters, and that the exclusive right to make, use and sell the same was secured to him by certain letters patent, and by reissues and extensions thereof duly granted to him. It then averred, that a bill had theretofore been filed on behalf of the plaintiff, against the defendant, in the circuit court of the United States for the Northern district of Illinois, complaining of sundry infringements

by the defendant, committed prior to the filing of the said bill; that, since the filing of the said bill, the defendant had committed and was then committing divers other acts of infringement of the said letters patent, besides those theretofore complained of in the said bill, by constructing and using the said patented improvements, or machines in some parts thereof substantially the same in construction and operation as in the said letters patent mentioned; and that the defendant, without the license of the plaintiff, and against his will and in violation of his rights, had made, used and sold, and intended to continue still to make, use and sell, the said improvements, within the Southern district of New York, in violation of the said letters patent. The bill thereupon prayed discovery whether the alleged letters patent, and the re-issues and extensions thereof, were issued and granted as alleged, and that the defendant account for and pay over the income "thus unlawfully derived from the violation of the rights of the plaintiff, as above, and be restrained from any further violation of the said rights, by injunction," and that the machine or machines in the possession or use of the defendant be destroyed or delivered up to the plaintiff for that purpose, and that the plaintiff might have such other relief, &c. The defendant interposed two separate pleas to the bill. The first plea alleged, that, on or about the 8th of May, 1869, the plaintiff exhibited his bill of complaint in the circuit court of the United States for the Northern district of Illinois, in equity, against this defendant, as a citizen of Illinois, and against Leander J. McCormick, of Chicago, setting forth the same matters and equities, and for the same purpose, and to the same tenor and effect, and in the same right, and praying for the same relief, against the defendant and against the said Leander, and for an account of the income derived from the alleged infringement of the same letters patent, as the said plaintiff now alleged, set forth and prayed for against the defendant, as would fully appear by reference to a true copy of said former bill of complaint, annexed to the plea, and filed therewith and made part thereof. The plea then alleged appearance by the defendant, answer, replication, the taking of testimony, and the present pendency of the said suit in the said circuit court, undetermined, &c., and insisted upon the same in abatement, and prayed judgment whether the defendant should be required to make further answer, &c. The copy of the bill of complaint, which was annexed to and made part of the plea, set forth the same patents, re-issues and extensions, and in the same words, as the bill of complaint herein. It then averred, that the defendants therein (Cyrus H. McCormick and Leander J. McCormick), well knowing, &c., were then constructing and selling the said patented improvements, or machines in some parts thereof substantially the same in construction and operation as in the said letters patent mentioned; and that the said de-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here reprinted by permission.]

[2] [From 4 Fish. Pat. Cas. 433.]

fendants, without the license of the plaintiff, against his will, and in violation of his rights, had made and sold, and intended to continue still to make and sell, the said improvements, within the Northern district of Illinois. The bill thereupon prayed discovery, whether the alleged letters patent, re-issues and extensions were issued and granted, as alleged, and whether the defendants, or either of them, had, and when, &c., made, sold or used any, and how many, machines, constructed wholly, or in part, upon the principles and in the manner described in said letters patent, and how they were made, &c.; and that the defendants might account for and pay over the income "thus unlawfully derived from the violation of the rights of the plaintiff, as above, and be restrained from any further violation of the said rights, by injunction, and that the machine or machines in possession or use of the defendants be destroyed or delivered up to the plaintiff for that purpose," and that the plaintiff might have such other relief, &c. The second plea alleged, that the said supposed cause of action, if any, arose or accrued to the plaintiff out of the jurisdiction of this court, that is to say, at Chicago, in the state and Northern district of Illinois, and not within the jurisdiction of this court, nor within the Southern district of New York; that the defendant was a citizen of the state of Illinois, and of Chicago, in the Northern district of said state; that he was there engaged in the manufacture of harvesting machines, with Leander J. McCormick, his partner; that he had not, since the 2d of January, 1860, made, or caused, authorized or procured to be made, any harvesting machines whatever, at any place within the United States other than the said city of Chicago; and that no harvesting machine made by him. or made at his aforesaid manufactory, or made by his authority or procurement, had, at any time since the 2d of January, 1860, been sold or used by him, or by his authority or procurement, within the Southern district of New York. Referring, next, to the 6th section of the act of congress of the United States, of April 3d, 1818 (3 Stat. 415), entitled. "An act respecting the courts of the United States within the state of New York," the plea alleged the competency of the jurisdiction of the circuit court for the Northern district of Illinois, and denied the jurisdiction of this court, to determine the matters in question in this cause. Upon these pleas the case was set down for argument.

Clarence A. Seward and George Harding. for plaintiff.

George T. Curtis and Henry Baldwin, for defendant.

WOODRUFF, Circuit Judge. (1) By setting down the pleas herein for argument. the complainant admits the facts therein alleged; and the sufficiency of the pleas, as a defence, is the question to be considered. Upon the first of the defendant's pleas, two questions, therefore, arise: 1st. Does the plea itself show

that the present bill, filed in this court, is for the same cause of action as the former bill,. filed in the circuit court for the Northern district of Illinois? and, 2d. If the cause of action be the same, does the pendency of the said former suit abate the present suit?

1st. Although the terms of the plea, in the first instance, import that the bill filed in Illinois sets forth the same matters, is filed for the same purpose, to the same tenor and effect, and in the same right, and prays the same relief, as the complainant alleges, sets forth and prays for herein against the defendant, those terms are distinctly qualified by the pleader, by his reference to the said bill, a copy of which is annexed to the plea and made part thereof. Had he seen fit to make the allegations in the form specifically and distinctly made, without thus incorporating the bill itself in his plea, and the complainant had then set the plea down for argument, the court would have been required to treat these allegations of fact as admitted, and the question first stated would not arise. It would have stood before the court admitted that the cause of action in each suit is identical. But, the plea having qualified these allegations by reference to such bill, that is to say, by adding, "as will fully appear by reference to a true copy of. said former bill of complaint, hereto annexed, * * * which is filed herewith and made part of this plea," it is made necessary to examine that bill, and the enquiry whether the plea shows that the former suit is for the same cause of action is opened.

The plea must be read precisely as it would be if the bill had been introduced, in its very terms, into the body of the plea, thus—that the complainant exhibited his bill of complaint in the circuit court, &c., in the words and figures following, that is to say—and thereupon inserting a copy of such bill, alleging appearance, answer, taking of proofs, and the continued pendency of the suit, and insisting thereon in abatement, &c. Read in this manner, the plea amounts to this—whereas the complainant has filed a bill in this court, alleging sundry infringements of his patents since the filing of the complainant's bill in Illinois, and that the defendant has made. used and sold, and intends to still continue to make, use and sell, the said improvements, within the Southern district of New York, and asks an account of the income thus derived from the violation of the complainant's rights so alleged,. and an injunction restraining the defendant from any further violation, such bill ought not to be entertained, but should be held abated, and the defendant be not required to answer. because the complainant, before filing such bill, had filed in Illinois such former bill, alleging that the defendant and another were then constructing and selling the said patented improvements, and, without the license of the complainant, had made and sold, and intended to continue still to make and sell, the same, within the Northern district of Illinois, and asking an account of the income

thus unlawfully derived from the violation of the complainant's rights thus alleged, and an injunction restraining the defendant from any further violation. If the two bills, justly interpreted according to their legal import and effect, are not for the same cause of action, then this plea does not show that a former action for the same cause was pending when this bill was filed, for, all that the plea imports is, that just such a suit was pending, and for just such cause, as is set forth in the Illinois bill.

The differences between the causes of action set out in the two bills are claimed to be, that the bill in Illinois alleges infringements of the complainant's patents before, or at the time of, the filing of that bill, as the ground for invoking the jurisdiction of the circuit court for the Northern district of that state, while the bill here alleges infringements of the complainant's patents since the filing of such former bill, which allegation the plea does not deny; and that the former bill alleges that the defendants have made and sold, and intend to continue to make and sell, the patented improvements within the Northern district of Illinois, while the bill here alleges that the defendant has made, used and sold, and intends to continue still to make, use and sell, the patented improvements within the Southern district of New York, which allegation the plea does not deny. Are these causes of action identical, in the sense, that the pendency of an action for the one operates as an abatement of the other? I think not. The facts which alone warrant any prosecution of the defendant are not identical, although they are alike in their nature, and are equally infringements of the complainant's rights. The complainant is entitled to maintain this suit for infringements committed since his former bill was filed, although he may be unable to prove, or though it be not true, that, when the former bill was filed, the defendant had infringed, or then contemplated or intended to infringe, his rights in any manner or degree whatever. It is true, that a bill to restrain the infringement of the rights of a patentee has some of the features of a bill quia timet, and that the relief by injunction is preventive, and is intended to restrain the defendant from doing in the future the wrong he is shown to have committed, and to be in the actual commission of when the bill is filed. But no case is cited to the effect, that, if the complainant fails to show the commission of any act at or before the filing of the bill of complaint, which either infringed or endangered his rights, he may nevertheless maintain his suit and have a decree restraining the defendant in the future. The extent to which the claim in this respect can be carried, is the proposition stated by Mr. Justice Story, in Woodworth v. Stone [Case No. 18,021]: "The case is not like that of an action at law for the breach of a patent, to support which it is indispensable to establish a breach before the suit was brought. But, in a suit in equity, the doctrine is far otherwise. A bill will lie for an injunction, if the patent right is admitted or has been established, upon well grounded proof of an apprehended intention of the defendant to violate the patent right. A bill quia timet is an ordinary remedial process in equity." In that case, the complainant had surrendered his original patent after the filing of his bill, and had obtained a re-issue. Thereupon, he filed a supplemental bill, and the motion was to continue the injunction upon the supplemental bill. The proofs were deemed sufficiently to show acts of the defendants, in the use of the complainant's invention before the re-issue, to call for a continuance of the injunction. It may well be deemed an extreme case which holds, that, because a defendant has done that which appears now to be no infringement of any legal right existing when the bill is filed, it may be inferred, nevertheless, without other proof, that he will, in the future, violate the rights secured to the complainant by his re-issued patent. But, even that case is far short of holding, that a complainant who shows no existing cause of action when his bill is filed, can have a decree, upon proof that a cause of action has arisen thereafter; and, if the language of that case seemed to warrant any such idea, I should be reluctant to follow it.

The bill filed in Illinois may be dismissed. The complainant may wholly fail to establish any infringement, or any ground for filing his bill, and yet this action might be maintained. It rests upon new facts, upon the existence of which the right to maintain the Illinois bill does not depend, and the existence of which constitutes the very cause of action in this bill. If the allegations in this bill are true, the complainant is entitled to a decree against the defendant. These allegations may be true, and yet the complainant be not entitled to a decree in the suit in Illinois; and the complainant may, therefore, be entitled to a decree here, although he wholly fails in the former suit.

2nd. Again, the bill here proceeds upon allegations of sales, and intention to continue to sell, in this district: and this is not denied in the plea. The bill in Illinois does not proceed upon such an allegation, and, so far as the bill there purports to be founded upon any apprehension of a violation of the patent rights, its allegations relate solely to sales in the Northern district of Illinois. The facts now alleged did not exist, and are not the ground upon which the complainant did or could rely. Until better advised, I am not prepared to hold, that, where a bill is filed in one district, and the defendant goes to another and begins an infringement there, where he is beyond the jurisdiction of the court, and no power exists to bring him there, to punish him, the complainant may not pursue him, and, by bill in the proper court, restrain him from violating the patented rights, in such other jurisdiction. Where, in equity, the remedy

which the court before whom the former suit is pending can afford, is not complete or effectual, that, of itself, is a ground for discrimination, and the new facts which operate to the prejudice of the complainant forbid that such suit should be deemed a ground of abatement.

No doubt, so far as the complainant seeks an account of profits in the Illinois suit, he may have it in that suit down to the time of accounting, provided, always, he does establish there the right to recover upon the allegations in his bill. But this is only a matter of practice, intended to avoid the necessity of a new suit, to recover money the right to which is established in the suit itself, and, in that respect, this is like other actions for an accounting, in which the time of the accounting is the time for fixing the amount or balance. But, the right to the account, upon the facts alleged in the bill, must be established; else, no account is ordered. This feature of the case, therefore does not change the view above presented.

My conclusion is, therefore, that the plea does not show such identity of the causes of action, that the pendency of the suit in the Northern district of Illinois is a defence, by way of abatement of the present suit.

(2) As to the second plea, I observe, first, that it is not objected by counsel that two pleas are filed without special leave given for that purpose. That this is irregular, and that both are liable to be overruled, as improperly interposed, is, no doubt, familiar. But, the conclusions I have reached render it unnecessary to place any stress upon this, since I regard the plea to the jurisdiction of the court as without sufficient foundation.

The section of the act of April 3d, 1818, relied upon (3 Stat. 415, § 6), is in these words: "And be it further enacted, that the original jurisdiction of the circuit court of the Southern district of New York shall be confined to causes arising within the said district, and shall not be construed to extend to causes of action arising within the Northern district of New York." The construction of a particular provision of a statute should always be given with reference to the object of the statute, the connection in which such provision stands, the evident intention of the legislature, and the change which the whole statute shows it to be the purpose to effect, or, in other words, the evil it was intended to remedy. By considerations suggested by such reference to the whole statute, general words are often restricted in their application, and they have been deemed to be so limited in this instance.

The act relates to the courts of the United States in the state of New York. There were two districts—the Northern district and the Southern district. It was the purpose to enlarge the territorial limits of the Northern district and to reduce the limits of the Southern district, and so effect a more equal division of the business, and to secure, also, the more certain and convenient dispatch of business. It provided, that the district judge of the Southern district should, in case of the sickness or other disability of the judge of the Northern district, hold the district court therein. It made a new appointment of terms for the Northern district, and revived suits and proceedings therein, and continued them, in the same manner as if terms had theretofore been regularly held. It assigned five counties to the Northern district theretofore forming part of the Southern district. It confirmed proceedings theretofore had in either district, in suits instituted in the former district court for the district of New York. This is especially significant, since, by reference to the act of April 9th, 1814 (3 Stat. 120), creating the Northern district, it will be seen, that that act did not prescribe any distribution of the business pending in the then district of New York, embracing the entire state. It provided for the continuance of suits pending in the former district of New York, in the Northern district or in the Southern district, making the jurisdiction of either depend on the question, in which district the cause of action arose or the seizure was made, and authorized the one or the other, according to that test of jurisdiction, to proceed to final judgment or decree. Finally, in relation to suits thereafter to be brought, by the section above cited, the jurisdiction of the circuit court for the Southern district was confined to causes arising within that district, and was declared not to extend to causes of action arising in the Northern district. For more than sixty years, this last section has been construed to relate solely to the distribution of cases between the Northern and Southern districts of New York, and as not affecting the jurisdiction of this court otherwise than in that relation. It has thus been practically, during that period, held, that causes of action arising in the Northern district of New York are alone excluded from the jurisdiction of this court. This accords with the design and purpose of the act, and follows out to their legitimate and proper result the other provisions of the act, and produces conformity in all. I am not now at liberty, nor am I disposed, in the face of a construction that seems to me in all respects reasonable, and has, by the practice of sixty years, become authority in this court, not questioned or impeached in any of the hundreds of causes that have gone hence to the supreme court of the United States, where the cause of action arose out of the state of New York, to question the jurisdiction in such cases. This is the only question presented by the second plea, assuming that it is, in other respects, regular and proper. It must, therefore, be held insufficient.

[For another case involving this patent, see note to Wheeler v. Clipper Mower & Reaper Co., Case No. 17,493.]