GOLD & STOCK TEL. Co. *v.* PEARCE and others.

*(Circuit Court, S. D. New York.* February 20, 1884.)

PRELIMINARY INJUNCTION—WHEN TO BE GRANTED.
    A preliminary injunction will not be granted while another to the same effect is in force in a different suit.

In Equity.

*Edward N. Dickerson, Jr.,* for orator.

*Roscoe Conkling* and *Samuel A. Duncan,* for defendants.

WHEELER, J. This cause has been heard on the motion of the orator for a preliminary injunction to restrain infringement of the second claim of the orator's patent. In a prior suit in this court, so lately brought by the orator against these same defendants that the time for an answer and taking of testimony has not yet expired, a preliminary injunction restraining the defendants from infringing this second and the third claims of the patent has, on motion of the orator, been granted, and is still in force. The time for pleading in bar the pendency of the first suit has not arrived. In an affidavit by an expert, filed by the orator on this motion, it is stated that he is familiar with the patent, and made an affidavit on the former motion, and that the apparatus claimed to be an infringement on this motion "is in all material respects, so far as the second claim is concerned, the same apparatus as that enjoined in the previous motion." The defendants object to this mode of procedure by a new bill, and cite *Wheeler* v. *McCormick,* 8 Blatchf. 267. The orator insists that it is proper to file successive bills for successive infringements, and cited *Higby* v. *Columbia Rubber Co.* 18 FED. REP. 601. It is also urged in support of the orator's position that the prior suit could not be maintained on an infringement subsequent to the filing of that bill only; while this may be, and that that may fail and this succeed. That is one ground stated by WOODRUFF, C. J., for maintaining the second suit in *Wheeler* v. *McCormick,* although the principal ground was that the prior suit was in another district and circuit. That reason does not obtain here, however, as this case now stands, for it is adjudged in the prior suit, and that adjudication still stands insisted upon by the orator, that there was an infringement prior to the filing of the former bill sufficient to uphold it to an accounting and final decree. That the accounting in that case would extend to the time of taking, and cover the infringement now aimed at, is not at all questioned. That distinguishes this case from what was said by LOWELL, J., in *Higby* v. *Columbia Rubber Co.* There the account had been closed, and although the former injunction was in force a new bill would be necessary to full relief for the new infringement. It is also urged that as a proceeding for contempt would be a harsher remedy than a motion for a new injunction, the injunction might be granted on a case on which the

defendants might not be adjudged guilty of contempt of the former one, and especially where the proof would consist of *ex parte* affidavits. But the processes of courts of equity are so flexible and capable of being tempered to the justice and necessities of every case, at all its stages and in all its phases, that the difference between the forms does not seem to be important. As these cases are now situated the modes of proof on proceedings for contempt of the former injunction would or might be precisely the same as upon this motion. The question whether the device sought now to be restrained infringes the second claim is precisely the same as that whether it violates the former injunction. If it is not willful it need not be visited with punishment as such. As the case is presented the question to be decided is precisely the same as that before decided between the same parties, the adjudication of which is in force and covers all that is asked for here. If it were necessary, or more fair, or more desirable, to make the former injunction more specific, by being directed at some device which the orators claim to be an infringement and the defendants that it is not, that end can be reached by motion in the pending cause as well as by a new bill. Multiplicity of suits should be avoided when practicable, and this multiplicity may well be avoided here.

Under the circumstances of this case this motion is denied, but without prejudice to any motion or proceeding in the original cause.