### STAFFORD AND OTHERS *v.* HOWLETT AND WEST.

An original bill cannot be amended by incorporating therein any thing which arose subsequent to the commencement of the suit. This should be stated in a supplemental bill.

All matters which arose previous to the filing of the original bill, although discovered afterwards, should be introduced into the same by way of amendment, if the cause is in a stage in which an amendment is allowable.[1]

If the cause has progressed so far that an amendment cannot be made, or if material facts have occurred subsequent to the commencement of the suit, the court will give the complainant leave to file a supplemental bill. And where such leave is given, the court will permit other matters to be introduced into the supplemental bill, which might have been incorporated in the original bill by way of amendment.

If it appears upon the face of the supplemental bill that all the matters alleged therein arose previous to the commencement of the suit, and might have been inserted in the original bill by way of amendment, the defendant may demur. But if this irregularity does not appear upon the face of the supplemental bill, the facts may be brought before the court by plea.

Sept. 13th.        THE complainants, as execution creditors of Simeon West, filed their original bill against him and two others,

---

[1] See New York Code, sec. 177; *Verplank* v. *Mercantile Ins. Co.*, 1 Edw. 46; *Bennington Iron Co.* v. *Campbell*, 2 Paige, 159; *Hunt* v. *Holland*, 3 id. 78; see further Am. Ch. Dig. by Waterman, tit. *Amendment*.

Supplemental answers in equity have not only been allowed, when facts material to the case were discovered subsequent to filing the answer, *Strange* v. *Collins*, 2 Ves. & B. 163; *Taylor* v. *Obee*, 3 Price; *Redley* v. *Ofee.* Wightw. 32; but also in cases where a defendant was ignorant of those facts. *Jackson* v. *Parish*, 1 Sim. 505; *Tidswell* v. *Boyer*, 7 id. 64. And where he knew of them, but was induced to leave them out, under mistaken advice of counsel. *Nail* v. *Punter*, 4 id. 440. Or through the misrepresentation of the complainant. *Curling* v. *Marquis of Townshend*, 19 Ves. 628.

for the purpose of obtaining satisfaction of their debt out
of his property which had been placed beyond the reach of
their execution. After the other two defendants had an-
swered, the complainants filed their supplemental bill against
West, one of the original defendants, and Howlett, who
was not a party *to the former proceedings, alleging that
West had assigned portions of his property to Howlett, for
the purpose of defrauding the complainants, and defeating
their original bill.

To the supplemental bill the defendants put in a plea,
alleging that if the complainant ever had any cause of suit
against them, for or concerning any of the matters in the
supplemental bill mentioned, the same arose before the filing
of the original bill.

*J. W. Cushman*, for the complainants, cited *Allen* v.
*Randolph*, (4 John Ch. Rep. 693 ;) Beames' Pleas, 29.

*S. A. Foot*, for the defendants, cited Cooper's Pl. 203, 4,
214 ; Mitf. Pl. 234, 5, 6 and 164.

THE CHANCELLOR :—It is a well settled rule that nothing
can be inserted in an original bill by way of amendment
which has arisen subsequent to the commencement of the
suit, but the same must be stated in a supplemental bill.
On the other hand, matters which arose previous to the
filing of the original bill, although discovered by the com-
plainant afterwards, should be introduced into the same by
way of amendment, provided the cause is in that stage in
which an amendment is allowable. (Mitford's Pleadings,
60.) If the cause has progressed so far that an amendment
cannot be made, or if material facts have occurred after the
commencement of the suit, the court, on a proper applica-
tion, will give the complainant leave to file a supplemental
bill. (*Goodwin* v. *Goodwin*, 3 Atk. 370.) And wherever
the party is permitted to file such bill for the purpose of
introducing matters which have arisen subsequent to the

1828.

Stafford
v.
Howlett.

filing of the original bill, the court will also give to the complainant permission to introduce other matters into the supplemental bill, which might have been introduced by way of amendment to the first bill.

If it appears upon the face of the supplemental bill that the whole of the matters charged therein arose previous to the commencement of the suit, and that the situation of the cause is such that they may be inserted in the original bill by amendment, the defendant may demur. (Mitford's Plead. 164. *Baldwin* v. *Mackown*, 3 Atk. 817.)

[*202]

*But if it does not distinctly appear by the supplemental bill, that the new matters charged therein arose before the filing of the original bill, the defendant can only take advantage of the irregularity by a plea alleging the fact. (Mitford, 230.)

The bill and plea in this cause taken together show, that the new matters are improperly brought before the court by this supplemental bill, and that they were the proper subjects of an amendment of the bill in the original suit; the plea must therefore be allowed.