First Circuit            CALVIN GRAVES and others, *vs.* JOHNSON NILES and others.

Graves.
*vs.*
Niles.

If material facts have occurred subsequent to the commencement·of the suit the court will give the complainant leave to file a supplemental bill, and where such leave is;given the court will permit other matters to be introduced into the supplemental bill, which might have been incorporated in the original by way of amendment, and th is is. especially proper, where the matter which occurred prior is necessary to the proper elucidation of that which occurred subsequent to the filing of the original bill.

An application to file a supplemental or amended answer is seldom granted, and never without the utmost caution, and when a just and necessary case is clearly made out, and it is then generally confined to a clear case of mistake, as to matter of fact, and as to that only, and the court is still more cautious in granting such an application after a considerable lapse of time from the filing of the bill or original answer in the case.

Where a motion was made to file a supplemental or amended answer in which it was proposed to take entirely new ground, and change entirely the character of the defence, and this not upon the ground of any actual mistake in a matter of fact or upon any discovery of new facts, but upon the ground that the defendant did not mean to be understood to state as he had stated in his answer, the court denied the motion.

But where there was doubt in regard to the proper application of certain moneys admitted to have been received by the defendant, and the answer was obscure, and there was a possibility that great injustice might be done to the defendant, the court granted an order with reluctance, permitting a separate supplemental answer to be filed, as to this particular, and explaining this ambiguity.

Where a defendant had leave to file a supplemental answer to explain certain ambiguities in his original answer, and he incorporated other matters of defence in his supplemental answer on motion of the complainant, the supplemental answer was ordered to be taken off the files.

This was a demurrer to a supplemental bill filed by leave of the court,

A. D. FRASER in support of the demurrer.

1. That the bill is exceptionable on the ground that the complainants have incorporated in it as well matter, which occurred previous to the filing of the original bill, and which might be introduced by amendment, as things which occurred subsequent to the filing of the original bill, by way of supplement. 1 *Paige* 200, 3 *Id*, 294, 4 *Id.* 127; *Mitfords Pl.* 165 *;* 17 *Vesey*, 143.

2. That the new matters introduced are not material and necessary to the complainants in the prosecution of this cause. 17 *Vesey* 143 ; ˙1 *Smiths Pr.* 204.

D. GOODWIN, Contra.

The demurrer in this case should be overruled as frivolous :

1. Leave was granted to file this identical bill. Such is the order, and it cannot be otherwise construed. The whole proceedings were one act, to wit: The leave, the filing and the granting the injunction. And if there were ambiguity, the court knew the facts, and would so construe it, and would do so even if there were a clerical mistake in the entry.

2. In the supplemental bill, which contains new matters, after the filing the original bill, other facts previously existing may be introduced in connection with the new matter. Such is the general practice. No case has been or can be shown to the contrary. The case cited of *Stafford et al* vs. *Howlett et al.* 1 *Paige* 200, is with us. The Chancellor says: "If it appears upon the face of the supple-"mental bill that *the whole* of the matters charged therein arose pre-"vious to the commencement of the suit, and that the situation of "the cause is such that they may be introduced into the original bill "by amendment; the defendants may demur."

*Two* things must concur to sustain the demurrer. 1st. *The whole* of the matters stated must have existed prior to the commencement of the suit. And 2nd. The situation of the cause must be such that they may be inserted in the original bill by amendment. *Lewellen* vs. *Mackworth* 2 *Atkyns*, 40 ; *Baldwin* vs. *Mackown*, 3 *Atkyns*, 817 ; 2 *Mad.*, 510 ; *Cooper* 9 *Pl.* 75.

3. The matters alleged to have previously existed, are merely introductory to and explanatory of the new facts, and necessary to their understanding, and the repetition for that purpose of facts stated in the answer.

4. This demurrer is not, by the Solicitors in the cause. Joy & Porter are the original Solicitors for defendant Niles of record. And there has been no order for a change.

THE CHANCELLOR.—The principal ground relied on in support of this demurrer is, that the complainants have interposed in the supplemental bill, matters which occurred prior to the filing of the original bill. The supplemental bill in this case was filed by leave of the court.

The matters which are stated in the supplemental bill, and which occurred prior to the filing of the original bill, are to some extent

First Circuit connected with those matters stated as having occurred subsequent to
the filing of the bill and necessary to their proper explanation. If
material facts have occurred subsequent to the commencement of the
suit, the court will give the complainants leave to file a supplemental
bill, and where such leave is given the court will permit other mat-
ters to be introduced into the supplemental bill, which might have been
incorporated in the original, by way of amendment. *Stafford et al.*
vs *Howlett & West,* 1 *Paige* 200. This is certainly proper, where
the matter which occurred prior, is necessary to the proper elucida-
tion of that which occurred subsequent to the original bill.

This bill was filed in pursuance of leave granted, and under this
leave it was competent to insert the allegations contained in it. The
bill in other respects contains sufficient to sustain it upon general de-
murrer.

Demurrer overruled with leave to answer on the usual terms.

After the answer had been filed a motion was made on the part of
the defendant for leave to file a supplemental or amended answer.

A. D. FRASER in support of the motion.

"Where there is a clear mistake in an answer and proper to be
' corrected, the practice is to permit the defendants to file an addition-
" al or supplemental answer. " 4 *John's C. R.* 375 ; 8 *Vesey,* 79 ;
10 *Id.* 284, 401; 21 *Id.* 150 *and note ;* 22 *Id.* 255 *and note ;* 1 *Dick*
33, 35, 285 ; 2 *Dick.* 485 ; 2 *Atk.* 294 ; 1 *Brown, C. C.* 418.

" Where a party has omitted to lay before the court, as he ought,
"a case, admitting a mistake and desiring leave to rectify it, the pro-
" per course is to put in an explanatory answer upon which the
" court will judge." 19 *Vesey* 584.

Where a party is negligently or fraudulently led into a mistake
the court will permit him to file a supplementary or additional an-
swer. 19 *Vesey* 628 ; 10 *Vesey,* 401.

R. MANNING, of counsel argued this motion on the part of the
complainants. The defendant's motion should be denied.

1. The principal facts on which the defendant bases his application
are denied by the affidavit of Mr. Porter.

2. Two years have elapsed since the defendant filed his answer,
and he shows no good reason why he has not applied to the court be-

fore for what he now asks. In *Curling* vs. *Marquis Townshend,* 19

*Ves.* 628, the Lord Chancellor says, "I dare not in such a case, let it be in fact what it may, lay down a principle, that could form a precedent for permitting an answer after *the lapse of two years,* to be altered in effect from one end to the other."

3. The defendant does not specifically state in his affidavit the whole of the matter he wishes to place upon the record by his additional or supplemental answer as he should have done, to enable the court to judge of the reasonableness of his application. 19 *Vesey,* 631.

4. The answer of the defendant is clear and consistent with itself and not contradictory in any of its material parts. But in connection with the explanatory matter set forth in the defendant's affidavit, it would be vague, uncertain and indefinite.

5. The answer and explanatory matter taken together, show the defendant to be guilty of a conspiracy with Turner & Collins to defraud Hatch, Scrantom & Kimball.

6. In cases of this description, when the granting of the motion will operate to the prejudice of the complainant, the court will deny the application, unless under very peculiar circumstances, and where the defendant makes out a strong case. *Wells* vs. *Wood* 10 *Ves.* 401; *Bowen* vs. *Cross,* 4 *J. C. R.* 375 ; *Greenwood* vs. *Atkinson,* 4 *Simons,* 54 ; *Curling* vs. *Marquis Townshend,* 19 *Ves.* 628.

The Chancellor.—This is an application seldom granted and never without the utmost caution, and when a just and necessary case is clearly made out.

In the case of *Bowen* vs. *Cross,* 4 *Johnson's Ch. Rep.* 375, an amended answer as to a clear case of mistake, as to matter of fact, *and as to that only* was permitted.

Lord Eldon, in the case of *Curling* vs. *the Marquis of Townshend,* says " it would be very difficult even upon negligence unless the par- "ty was led into it, to have the records of the court altered, and I "dare not in such a case, let it be in fact what it may, lay down a "principle that would be a precedent for permitting an answer after "a lapse of two years, to be altered in effect, from one end to the "other." And he further says, although he has been said to have

been too liable to hesitation, and doubt in his decisions : "I should
"be sorry to be thought to have much doubt upon a point of so much "importance. "

What is the case here ?   In the fifth folio of his answer the defendant says that in July, 1836, he, together with Turner and Collins, the two partners in these transactions met together in Detroit, and that the said Collins then and there sold his interest in all the said parcels of land above described, and in the joint funds in the hands of this defendant, as he then informed this defendant, to one A. W. Hatch either for the benefit of said Hatch or for, and on account of Henry Scrantom, and D. F. Kimball of Buffalo, for whom said Hatch was agent, and goes on to state the mode of payment.

Again in the tenth folio he states that having been informed and believing that said Collins had sold all his interest in said property, and investment to said Hatch or Scrantom & Kimball, &c. He also denies all further interest of said Collins or his assignees in the investment thereinafter mentioned.

It is now sought by the proposed amendment or supplemental answer to take entirely new ground and change entirely the character of the defence, and this not upon the ground of any actual mistake in a matter of fact, or upon any discovery of new facts, but upon the ground that he did not mean to be so understood, and "he intended "merely to state that said Collins had no avowed interest in said in- "vestment and purchases, as it was understood between said Tur- "ner and Collins, that said Turner should take the interest of said "Collins, but upon what secret trust or qualification in favor of said "Collins, this defendant is unable to set forth. "

This is not very distinctly stated, and perhaps as to this part of the amendment sought to be made, this would be a sufficient answer.

But I am disposed to place it upon other grounds.   It is entirely inconsistent with the version given in the original answer.   There is no mistake of any facts shown, nor any new discovery suggested.

From the affidavit of Mr. Porter the answer seems to have been examined by this defendant, before it was engrossed as well as afterwards, at least with usual care and attention ; and although this defendant may possibly have been so unfortunate as to have entirely misapprehended the purport of the answer in this respect, yet regar-

ding the general interests and rights of suitors, and the proper administration of justice, it would be establishing a precedent of the most dangerous tendency, after the lapse of two years and after the circumstances and the property may have changed, to permit such a change of the record when it may so materially affect the rights of the complainants.

The new aspect sought to be given to the defence strikes me as somewhat unfair toward the vendees of Collins, on the part both of Niles and Turner; and the application may not on that account acquire any additional claim to a favorable consideration.

There is one portion of the amendment sought to be made which, however has pressed more strongly upon me. The defendant admits the receipt of $4,995—on account of, and in full for the proceeds of Hatch's note indorsed by Scrantom & Kimball, and confesses himself liable and ready to account to any person or persons entitled thereto, under the decree of this court. It is very possible that it may turn out that the defendant was entitled to apply this money to the purposes for which this association was formed, either in liquidating liabilities already incurred, or in improving the property according to the original agreement, and if it has been so applied, if the vendees of Collins should be entitled to his proportion of this investment it would be unjust to hold him also to account for the money, under this equivocal expression in the answer.

But if it has been properly and lawfully expended upon the property to a portion of which these vendees may be entitled, it does not strike me that this defendant would be estopped by expressing his readiness to account for it to any persons *entitled* thereto under the decree of this court.

But as it is possible that great injustice may be done to this defendant in this respect, and as he now swears that he meant no more by this expression than to express his readiness to account for the manner of his expenditure upon the joint property under the agreement; and as there is a supplemental bill to be answered, so that the complainants will not be delayed thereby, I am disposed, but with some reluctance to permit a supplemental answer to be filed, as to this particular, and explaining this ambiguity, but limiting it to this only;

First Circuit. and to this extent we are perhaps sustained by the case of *Livesey* vs.
*Willson*, 1 *Vesey & Beames*, 149.

Graves.
*vs.*
Niles.

The original answer will remain on file unchanged and the effect to be given to either the one or the other, must be reserved until the explanation is before the court.

Whereupon the following order was entered :

"Ordered, that leave be granted to said Niles to file a supplemental answer in explanation of that part of his answer now on file, which confesses and acknowledges his liability and readiness to account for the sum of $4,995 to any person or persons entitled thereto, under the decree of this court, but that in accounting for the whole or any part of said money by said supplemental answer, he be restricted to showing an application of the money to the purposes for which the association between himself, Collins and Turner was formed, either in liquidating liabilities already incurred at the time he alleges Collins sold out his interest to Hatch, or in improving the property according to the original agreement that had at that time been purchased for the association, and the effect to be given to either the original or supplemental answer, is reserved, until such supplemental answer is before the court. "

A supplemental answer having been filed under this order, explaining the ambiguities contained in the original answer, and incorporating other matters of defence ; the complainants moved to take the supplemental answer off the files and upon this motion, the following opinion was delivered.

THE CHANCELLOR.—The grounds of the order permitting this supplemental answer to be filed, seem to me to have been distinctly stated.

The propriety of that order is not now under discussion, but from farther reflection and without reference to this particular case, I am satisfied that a departure from the rule there established, would open a wide door for fraud, and afford strong temptations to perjury ; its inconveniences and dangers are obvious.

But the question now presented is, does the answer go beyond the order?  It manifestly does so.   The order was limited to the explana-

tion of the manner of the expenditure of the $4,995. This answer

attempts to do inferentially, if not directly what is expressly said it is incompetent to do ; to change entirely the attitude assumed in the former answer. It purports not only to show the expenditure of upwards of $10,000, but to show that this was done on account of, and with the concurrence of those whose interest is denied in the first answer.

I am unwilling to deprive the defendant of the benefit of the first order. It is impossible, by expunging a portion of this to leave the answer intelligible, and I see no other mode of correcting the error but to grant the motion to take the answer from the file, with leave to file a supplemental answer in twenty days in conformity with the directions given in the former order.