*Henry H. Sizer and others* v. *James Miller.* W. H. GREENE, for the appellant; S. G. HAVEN, for the respondents.

*Verification of bills.* This was an appeal from a decision of the vice chancellor of the eighth circuit, denying the defendant's application to *Joinder of complainants.* dissolve an injunction, and granting the motion of the complainants for the usual reference to appoint a receiver, upon a creditor's bill against the judgment debtor alone. One of the complainants was a judgment creditor of the defendant upon a judgment recovered in the supreme court, on which there remained due $71,32 exclusive of interest. And the other complainants had also recovered judgments in the common pleas of Erie county, and in the recorder's court of the city of Buffalo, on each of which judgments there was due

more than $100. The bill was verified by the complainant Sizer, who resided in Buffalo, in the usual manner. It was also verified by the oaths of the attornies of the other complainants, in the suits at law, who severally swore positively to the recovery of the judgments and the other proceedings, in favor of their respective clients, in the suits at law, and as to the amounts due thereon, stating that their clients respectively resided in the city of New-York, and were not as well acquainted with any of the facts stated in the bill, as the deponents.

THE CHANCELLOR. None of the objections to the decision of the vice chancellor are well taken. Even if the want of an endorsement, on the back of the injunction, was material, which it is not, it would not afford any ground for dissolving the injunction; although it might show that the same ought to be set aside as irregularly issued. As to the verification of the bill by the attornies, this court has frequently decided that in the case of creditors' bills, where the complainants reside at a distance from their debtors, and have entrusted the collection of their debts to attornies or agents, residing near such debtors, which attornies or agents have conducted the proceedings at law, the verification of the bill by the attorney or agent of the complainant, is sufficient. And the case of a creditor's bill, where an injunction is sought for against the judgment debtor alone, is an exception to the general rule, that all the material facts must be sworn to positively, in order to obtain a preliminary injunction exparte. (*Hammersly* v. *Wyckoff*, 8 *Paige's Rep.* 72.)

It is well settled that two or more creditors, having judgments against the same person, and who have exhausted their remedies at law, by the return of executions against his real or personal estate unsatisfied, may join in a bill in this court to reach his equitable interests, choses in action and other property. And the statutory provision, which prohibits the commencement of a suit in this court, where the amount in controversy in such suit, does not exceed $100, does not extend to such a case; provided the aggregate amount of all the judgments,

for the satisfaction of which the bill is filed, exceeds the amount specified in the statute.

There is no valid objection to the form of the order appealed from ; and the objection that the affidavits, on the part of the defendant, showed that a receiver of his property was unnecessary, was frivolous. The order appealed from is, therefore, affirmed, with costs ; and the proceedings are to be remitted to the vice chancellor.