SAMUEL W. MELTON AND WIFE, APPELLANTS, *vs.* ISAAC N. WITH-
ERS AND OTHERS, RESPONDENTS.

A bill seeking relief, but asking for no preliminary-order, need not be veri-
fied.

If a supplemental bill be filed without leave, the Court will not dismiss it
upon demurrer, if good ground for filing it appears.

The difference between a supplemental bill filed before demurrer, plea or an-
swer, and an amendment, is nominal merely, and the Court is not bound to
consider an objection taken by demurrer to such a bill, that the new matter
stated therein should have been brought before the Court by amendment;
for the objection, if sustained, could at once be obviated by amending the
supplemental bill.

Where a breach of trust is alleged in a bill to account, it is not demurrable, on
the ground of multifariousness, because a party, in possession of assets
under the breach, with notice of the trust, is made a defendant.

BEFORE THOMAS, J., AT YORK, NOVEMBER TERM, 1869.

Supplemental bill for account. The stating part was as follows:

"That on the 1st day of May, 1867, your orators filed their orig-
inal bill in the Court of Equity for York District, against Isaac N.
Withers, O. A. Darby and R. C. Darby, his wife, and L. D. Goore,
wherein it was stated by your orators thut Joshua D. Goore, late of
York District, died intestate in the year 1852, leaving as his dis-
tributees and heirs-at-law, his widow, Maria Goore, and his three
children, Rachael, then the wife of B. F. Withers, now the wife of
O. A. Darby, and your oratrix, Mary H. Melton, wife of your ora-
tor, Samuel W. Melton, and L. D. Goore; and that letters of ad-
ministration on the estate of J. D. Goore were granted to B. F.
Withers and the said Maria Goore; that Maria Goore died some
time in 1855, leaving the said B. F. Withers surviving as the sole
administrator of J. D. Goore; and that the said B. F. Withers, some
time in 1857, also died; and that after his death administration on
the estate of Maria Goore was granted to your orator, Samuel
W. Melton, and also administration *de bonis non* was granted to
your orator on the estate of J. D. Goore; and that after the death
of the said B. F. Withers, letters of administration on his es-
tate were granted to Isaac N. Withers, and his wife, R. C. Withers,
now R. C. Darby, wife of O. A. Darby.

"And your orators in said original bill stated and charged that
the said Maria Goore and B. F. Withers never fully administered
the estate of J. D. Goore, that, as administrator *de bonis non* of the
estate of J. D. Goore, your orator has frequently called upon said
I. N. Withers and O. A. Darby and wife, as administrators of B. F.

Withers, to account for the administration by their intestate of the said J. D. Goore's estate, and to pay over to your orator the balance belonging to said estate remaining in the hands of B. F. Withers, at the time of his death; and in like manner, to deliver over to your orator all the unadministered property remaining in the hands of the said B. F. Withers at the time of his death; and that the said administrators delivered to him certain unadministered property, and that they had made some small payments on account of said estate to your orator; but that a large amount still remained due, although often requested to pay the same over to your orators.

" And your orators further show that in said original bill it was stated that J. D. Goore died seized and possessed of a large real estate, distributable amongst his said widow, Maria Goore, and his children; and that proceedings were instituted in this Honorable Court for the partition of said estate, and the same had been sold for distribution; that the proceeds of said sales had been partly collected, but that a considerable part remained unpaid; and of said sums so received, partial payments have been made to each of the said heirs. Your orator stated also in his said original bill, that he was willing to account for his administration of the estate of Maria Goore, but that her estate could not be fully administered until the administrators of B. F. Withers had accounted for his administration of the estate of J. D. Goore; that administration on the said estate of J. D. Goore was granted jointly to Maria Goore and B. F. Withers, but that your orators had been informed and believed that in point of fact the said B. F. Withers received nearly all the moneys charged in the returns of the said administrators, and appropriated the same to his own use, and that they submitted that his estate was alone chargeable with said moneys so received by him.

" And your orators further shew unto your Honor that in the said original bill your orators prayed that the said I. N. Withers, O. A. Darby and R. C. Darby should account for the administration by their intestate of the estate of J. D. Goore, and should discover what sums of money their intestate received for, and on account of, said estate, and when received, and what unadministered assets or property remained in the hands of B. F. Withers at the time of his death; and that such sums of money, if any, should be paid over to your orator as administrator *de bonis non* of said estate; that the said O. A. Darby and R. C. Darby, his wife, might account for any

sums received by them of either the real or personal estate of J. D. Goore, on account of the share of R. C. Darby, as also for all such sums properly received by B. F. Withers, as her husband. That your orator and oratrix should, in like manner, account for all sums by them received on account of the share of your oratrix out of the estate of said J. D. Goore. That said L. D. Goore should also account for sums of money received by him of his share. That the balance yet remaining due of the sales of the real estate of said J. D. Goore might be ascertained; the share of each heir and distributee of the whole estate, real and personal, might be ascertained; and that your orator, Samuel W. Melton, might account for his administration of the estate of Maria Goore, and pay over to her distributees their respective shares; and that your orator might have such other and further relief as the exigencies of the case might require.

" And your orator further shews unto your Honor, by way of supplement to said original bill, that, at the time of the granting of letters of administration on the estate of J. D. Goore to Maria Goore and B. F. Withers, the said B. F. Withers was doing a commercial business, in the town of Yorkville, with one Henning F. Adickes, under the name and firm of Adickes & Withers; that, at the time of the death of J. D. Goore, the said firm of Adickes & Withers was indebted to him in the sum of one thousand dollars, besides interest; and that said firm, from time to time thereafter, borrowed from the said administrator of J. D. Goore large sums of money belonging to said estate, and that for such sums of money the said Adickes & Withers gave their firm note, which said note your orator is informed, and believes, yet remains unpaid; and that out of the administration funds in the hands of said B. F. Withers, in point of fact, he obtained the means for going into said business, and paid the same into the copartnership concern known as Adickes & Withers; and your orators are informed, and verily believe, that all of the moneys received by the said B. F. Withers, belonging to the estate of the said J. D. Goore, were deposited in the said firm of Adickes & Withers, and that the said firm was in the habit of using the same as their necessities required; that said firm carried on a large business in the town of Yorkville, and were constantly requiring the use of large sums of money, and that the said firm of Adickes & Withers have mixed themselves up to such an extent with the affairs of the estate of the said J. D. Goore that it will be impossible for your orator to account for his administration *de bonis*

*non* of the estate of J. D. Goore, without making the said Henning F. Adickes a party to these proceedings, and obtaining from him discovery touching these said matters. And it is very uncertain whether the sureties on the administration bond of B. F. Withers, as administrator of J. D. Goore, will be able to respond to any considerable liabilities found to be due by said B. F. Withers, and that your orator will suffer great loss, unless they can have a discovery from said H. F. Adickes."

The prayer of the bill was as follows:

"That the said Isaac N. Withers, O. A. Darby, and R. C. Darby, his wife, L. D. Goore and Henning F. Adickes, may full, true and perfect answers make to all the matters and things hereinbefore stated and set forth; that the said H. F. Adickes shall, upon his corporal oath, discover what amount of money the said B. F. Withers put into the firm of Adickes & Withers; when it was put in; from whom it was obtained; what amounts of money belonging to the estate of J. D. Goore came into the possession of Adickes & Withers, at any time after administration was granted on said estate to Maria Goore and B. F. Withers; whether or not said firm was not in the habit of using the funds belonging to said estate; whether the same were not deposited for safe keeping in the store of the said firm, and what amount belonging to said estate was on deposit at the time of the death of the said B. F. Withers; that the said H. F. Adickes be required to produce, for the inspection of this honorable Court, the books of the firm of Adickes & Withers, and that for any sums of money ascertained to be due by the said H. F. Adickes, as surviving copartner of Adickes & Withers, to the estate of J. D. Goore, that your orator, as his administrator *de bonis non*, shall have a decree for the same; that the said I. N. Withers and O. A. Darby and wife, administrators of B. F. Withers, do discover all matters coming within their knowledge going to show the amount of money of the estate of J. D. Goore in the possession of Adickes & Withers, at the death of said B. F. Withers; what moneys they know to have been received and used by said firm, belonging to said estate, during the administration of said estate by their intestate; and that they do answer whether or not they know of any money belonging to said estate of J. D. Goore, received by said B. F. Withers, and, shortly prior to his death, deposited in the store of said Adickes & Withers; and for such other and further relief as to your Honor shall seem fit, and according to equity and good conscience."

The defendants, O. A. Darby and wife, and Lawson Goore, H. F. Adickes and I. N. Withers, severally demurred, on grounds reducible to the following propositions:

1. That the supplemental bill is informal.

2. That the matter alleged arose before the filing of the original bill.

3. That the supplemental bill is multifarious.

The decree of His Honor the Circuit Judge is as follows:

THOMAS, J. On hearing the bill and demurrers of O. A. Darby and wife, I. N. Withers and H. F. Adickes, and argument of counsel, it appears to the Court that there is no privity of interest between Adickes and the complainants, nor collusion between Adickes and any of the defendants, nor tortious action upon the part of Adickes which will permit his liability directly to complainants: It is, therefore, ordered and decreed, that the demurrers be sustained, and the supplemental bill dismissed, at the cost of complainants.

The complainants appealed on the grounds:

1. Because the bill is not multifarious.

2. Because Henning F. Adickes is a necessary and proper party to the bill.

*Smith, Hamilton, Hart,* for appellants:

1. The bill is not objectionable for multifariousness.—Story's Equity Pleadings, §§ 534, 539; *Barkley* vs. *Barkley,* 14 Rich. Eq., 24.

2. A bill filed by distributees for an account may make as a party any one who (although otherwise not a proper party) has possessed himself of the assets of the estate, or is liable to account therefor by reason of collusion with the administrator, or by otherwise mixing himself up with the affairs of the estate.—Story's Eq. Pl., §§ 178, 227; *Long* vs. *Majestre,* 1 Johns. Ch., 305; *Gedge* vs. *Traill,* 1 R. & M., 281.

3. As to supplemental bills.—Story's Eq. Pl., §§ 332, 334.

*Wilson, Clawson,* for respondents:

Bill alleges distinct matter against H. F. Adickes, in which defendant, I. N. Withers, is not interested or concerned. Makes suit intricate, prolix and expensive; ergo, multifarious.—Mitf. Ch. Pl., 208 and 215; *Garlick* vs. *Strong,* 3 Paige, 440; *Benson* vs. *Hadfield,* 4 Hail,. 39 and 40.

Want of privity between the complainants and H. F. Adickes; therefore, no right to institute suit. No collusion charged or proved. Mitf. Ch. P. L., 184; *Elmsly* vs. *McAuley*, 3 Bro. C. C., 624; *Utterson* vs. *Mair* and others, 2 Ves. Jr., 95; 4 Bro. C. C., 270; Story, Eq. Pl., § 262.

"Plaintiff must show by his bill some claim of interest by the defendant in the subject-matter of the suit, which can make him liable to plaintiff's demands, or defendant may demur."—Mitf. Pl., 186. "To prevent a demurrer, bill must show not only that defendant has an interest in the subject of suit, but that he is liable to plaintiff's demands."—Mitf. Pl., 188. Adickes has no interest in suit. Only liable to account to administrators of B. F. Withers, who have filed bill already against him.

"If supplemental bill is brought upon matters arising before the filing of the original bill, defendant may demur."—Mitf. Pl., 239; *Baldwin* vs. *Mackmunn*, 3 Atk., 817; 2 Madd. R., 387; 17 Ves., 144; *Milner* vs. *Harewood*, 2 Madd. R., 53.

Supplemental bill filed without leave of the Court first obtained, and not vouched by affidavit.—Mitf. Ch. Pl., 67. Really a bill for discovery. Under new Code bill for discovery abolished.—Vide Code, p. 515, § 406.

Aug. 12, 1871. The opinion of the Court was delivered by

WILLARD, A. J. The appeal is from a decree sustaining a demurrer to a supplemental bill, and dismissing the bill. The supplemental bill alleges the exhibiting of the original bill by the complainant, S. W. Melton, as administrator *de bonis non* of J. D. Goore, who died intestate, and also as administrator of the widow of intestate, who, together with B. F. Withers, administered, in the first instance, the intestate estate, and also in right of his wife, who is joined as complainant, a daughter and distributee of intestate, against the personal representatives of B. F. Withers, who, at the death of the widow, became surviving administrator of the first intestate estate; the other distributees are also joined as defendants.

The bill alleges a breach of trust against the surviving administrator in appropriating the money of his intestate to his own use, and prays an account, &c.

The supplemental bill further charges that the surviving administrator, B. F. Withers, employed the moneys of the estate in mercantile business transacted by him under a co-partnership with H. F. Adickes. It charges Adickes with notice of the breach of

trust, and makes him a party defendant with a prayer for relief against him.

All the defendants demurred. The grounds of demurrer are reducible to three propositions: first, that the supplemental bill is informal; second, that the matters alleged arose before the filing of the original bill; third, that it is multifarious.

The Circuit Judge sustained the demurrer on the latter ground.

The informality complained of is, that the bill is not verified, and was not filed with the leave of the Court.

The bill seeks relief, but does not ask for any preliminary order, and is not required to be verified.—1 Daniel's Chancery Pr., 395; *McElwee* vs. *Sutton*, 1 Hill's Ch., 33.

The objection that leave for filing was not obtained is not, in itself, sufficient ground of demurrer. If, however, it appears by the supplemental bill that there was no ground for obtaining leave to file, advantage may be taken of this fact on demurrer. If, upon considering this ground of appeal, it should appear that reason existed for filing the supplemental bill, this Court will not dismiss it.

The questions remaining to be considered are: First, whether the supplemental bill is defective by reason of the fact that the matters brought forward by it occurred before the filing of the original bill; and, second, whether it is multifarious. Strictly speaking, a supplemental bill relates to matters occurring after bill filed, as changes of interest *pendente lite*, &c. (2 Dan. Ch. Pr., 1594.) Events occurring after bill filed were not subjects of amendment; they were therefore allowed to be brought forward by supplemental bill. (*Stafford* vs. *Howlett*, 1 Paige, 200.) As to matters occurring before the filing of the bill, the proper course is to amend the bill, and on such amendment new parties may be added, in order to render the decree more effectual. But where the bill cannot be amended, as, for instance, where the case has proceeded too far, a supplemental bill, or, perhaps, more accurately speaking, a bill in the nature of a supplemental bill, will be allowed. (Mitford's Pleadings, 49.) In such case, the supplemental bill is an addition to the original bill, and becomes part of it, so that the whole bill is taken as one amended bill. (2 Dan. Ch. Pr., 1611, note 3, and cases there cited.)

In the present case, it would appear that the supplemental bill had been filed before demurrer, plea, or answer to the original bill. In such a case, the difference between an amended and a supple-

mental bill is nominal merely, as the whole case is open.   As the defendant's objection did not distinctly raise before the Circuit Court the objection that the new matters should have been brought forward by amendment, instead of by a supplemental bill, we are not bound to consider it.   In that case the objection, if sustained, might have been at once obviated by a mere verbal change in the bill.   The objection that was in fact taken, viz, that the matters arose before the original bill was filed, is not fatal to a supplementary bill.

The question of multifariousness has been ruled by us in *Ragsdale* vs. *Holmes*, (1 S. C., N. S., 91.)   We there held that, when a breach of trust is alleged, it is competent to unite, as a defendant, a third party in possession of assets under such breach, with notice of the trust.

The decree of the Circuit Court must be set aside, and the demurrer overruled, and the case will be remanded to the Circuit Court for further proceedings.

*Wright*, A. J., concurred.

*Moses*, C. J., absent at hearing.