FREE *v.* BUCKINGHAM.　　{ March 22, 1876.

*Chancery—Fraud—Husband and wife.*

The plaintiffs, who were husband and wife, sought to set aside two deeds of certain property, the object of which was to create a trust for the wife, and which it was alleged had been obtained by fraud. The defendants were the original grantee in the deeds, and other parties, claiming under those deeds, by titles more or less remote. *Held*, (1) that, the alleged fraud being of the very essence of the bill, there was no objection by reason of want of equity; (2) that it was necessary that all the subsequent grantees should be made parties in order that their interests might be protected, and that the bill was not multifarious; (3) that the wife, having by virtue of the deed a separate and independent interest, was a necessary party.

FROM Coös CIRCUIT COURT.

BILL IN EQUITY. The substance of the bill, so far as the present case is concerned, was as follows: That the plaintiff, John W. Free, in April, 1867, was the owner of the township of Dixville in the county of Coös; that he had employed the defendant, Buckingham, as his agent to take care of his property there, and to negotiate sales under special instructions; that the agent, in violation of his authority, sold and conveyed, as the pretended attorney of the plaintiff, large portions of the land to the defendants Young and Shorey, separately; that afterwards the defendant Buckingham, by fraudulent misrepresentations, induced the plaintiff, by deed dated November 15, 1868, and confirmed by another deed made March 19, 1869, to convey the said land to him; that the defendants Young and Shorey had conveyed to some of the other defendants, and they again to others, so that all the other defendants, excepting Buckingham Young, and Shorey were interested as grantees, deriving title under one or the other of them through the deeds from Free to Buckingham; and it was alleged, in regard to each of them, that he had knowledge of the infirmity of Buckingham's title. The bill also alleged that the conveyances to Buckingham were intended to create a trust in favor of the plaintiff Hannah.

It was alleged in the bill that the deeds from the plaintiff Free to

Buckingham were obtained by fraudulent misrepresentations, and the prayer was, that those deeds might be set aside, and that, if any of the defendants were purchasers without notice, they might be decreed to account to the plaintiff, and pay to him any part of the purchase-money remaining in their hands.

The defendants Buckingham, Lombard, Parsons, Fiske, Shorey, and Jordan demurred to the bill, assigning as causes, (1) that the plaintiffs have a plain and adequate remedy at law; (2) that the bill is multifarious, because of the joinder of the other defendants; (3) that Hannah A. Free was improperly joined with her husband as plaintiff; (4) that John W. Free was improperly joined as plaintiff with his wife. The defendants Buckingham, Young, Bailey, and Weeks also demurred to the bill, assigning the same causes of demurrer.

The questions arising on the foregoing demurrers were transferred to the superior court by RAND, J., C. C.

*Aldrich & Shurtleff, Bingham,* and *Fletcher & Fletcher,* for the plaintiffs.

*Ray & Drew* and *Dudley,* for the defendants.

* CUSHING, C. J.　The object of this bill is, to set aside certain conveyances from the plaintiffs to the defendant Buckingham, and from the defendant Buckingham to Young and Shorey.　The allegation is, that those deeds of November, 1868, and January, 1869, were obtained from the plaintiffs by fraud.　It is evident that this allegation of fraud is of the very essence of the bill.　It is not very plain from the bill whether the fraud was used for the purpose of inducing Free to execute deeds of which he knew the contents, or whether the fraud was in inducing Free to put his name to a deed which was different from and not the same paper which he intended to execute.　The first kind of fraud is particularly within the jurisdiction of the court of equity, though both are in this state available as defences at law.　But I think there can be no doubt that equity has jurisdiction of both, and that, in so far as common law courts have jurisdiction of fraud, the jurisdiction of the courts of law and equity is concurrent.　This objection, therefore, cannot be sustained.

The bill seeks to set aside the conveyances from the plaintiffs to Buckingham.　It is evident that the deed to Young, and the conveyance from Young to Bailey and Weeks, and the deed from Buckingham to Shorey, and from Shorey to the mortgagees,—Parsons, Lombard, and Jordan,—and the deed also from Walker to Fiske, all derive their force as conveyances from this deed of November, 1868, from Free to Buckingham.　If that deed is invalid, all the other conveyances are liable to be so also.　That deed cannot be set aside without involving all those titles.　It is plain, therefore, that the complete relief which

---

* LADD, J., did not sit.

equity proposes to furnish, cannot be had without making all the parties to these deeds parties to this suit. The bill, therefore, is not objectionable on account of multifariousness.

It is apparent from the bill that the complainants—John and Hannah—have different and independent interests. The design of the deeds to Buckingham, sought to be set aside, was, to create a trust for the benefit of Hannah A. Free, and this trust, properly created, would be an independent interest in her. The deeds cannot be set aside without destroying the trust created by them for her benefit. She must therefore in some way be made a party. If she were not a party plaintiff, she would have to be a party defendant. They are not joined, as parties merely for form, but they are joined as parties, *i. e.*, are both made plaintiffs, because they have independent interests to protect. The court must take care that she is properly represented by counsel, and that her interests are not sacrificed to those of her husband. For these reasons the demurrer must be overruled.

RAND, J., C. C.   The bill alleges that on October 15, 1866, John W. Free was the owner of a tract of land, being the township of Dixville in the county Coös ; that he appointed the defendant Buckingham his agent, to dispose of the land in accordance with certain instructions, and made deeds to Buckingham ; that Buckingham violated his instructions, and acted fraudulently in the disposition of the land ; that he fraudulently deeded a large portion of the land to the defendant Shorey, on March 2, 1868, and to the defendant Young, on December 17, 1868 ; that Young deeded to the defendants Weeks and Bailey ; that Shorey mortgaged to the defendant Parsons, and Parsons obtained judgment of foreclosure against Shorey, and is now in possession, claiming to own ; that Shorey also mortgaged to the defendant Lombard and to the defendant Jordan ; that Parsons deeded to the defendant Walker and took a mortgage back, and that Walker mortgaged to the defendant Fiske. It is alleged that all these defendants had knowledge of the fraudulent conduct of Buckingham ; and the main object of the bill is, to reach the real estate of the plaintiffs, wherever it may be, in the hands of these various grantees and mortgagees ; and the defendants urge that the bill is multifarious.

It is said, in *Chase* v. *Searles*, 45 N. H. 520, and the language is quoted from *Boyd* v. *Hoyt*, 5 Paige Ch. 65, that " where the object of the suit is single, but different persons have or claim separate interests in distinct or independent questions, all connected with and arising out of the single object of the suit, the complainant may bring such persons before the court as defendants ; so that the whole object of the bill may be obtained in one suit, and to prevent further unnecessary and useless litigation." *Abbot* v. *Johnson*, 32 N. H. 9 ; *Fellows* v. *Fellows*, 4 Cow. 682 ; *Dix* v. *Briggs*, 9 Paige 595 ; *Sizer* v. *Miller*, 9 Paige 605 ; *Brinkerhoff* v. *Brown*, 6 John. Ch. 139 ; *Dimmock* v. *Bixby*, 20 Pick. 377 ; Story's Eq. Pl., sec. 533 ; *Melton* v. *Withers*, 2 S. C. 561.

I see no reason why the matters involved in this controversy may not properly enough, and in accordance with established precedents, be litigated in one suit. The question of multifariousness depends, in each case, upon circumstances ; and much must necessarily be left to the sound discretion of the court. *Warren* v. *Warren*, 56 Me. 360.

SMITH, J., concurred.

*Demurrer overruled.*