### SLESSINGER *v.* BUCKINGHAM and others.[1]

*(Circuit Court, D. California.* January 29, 1883.)

1. PROOF OF INFRINGEMENT BEFORE BILL FILED.

> An infringement must be shown to have taken place either by making, selling, or using the article patented, before the filing of the bill, or there can be no recovery.

2. ANSWER TO BILL UNDER OATH.

> Where the complainant does not waive an answer to the bill under oath, the answer, distinctly denying the material matters alleged, not only makes an issue, but proves it; so that it will require the evidence of two witnesses, or of one witness, and other circumstances equivalent to a second, to overthrow the answer.

3. WAIVING ANSWER UNDER OATH.

> The great advantage to complainant, in many cases under the present rules relating to the competency of witnesses of waiving an answer under oath, pointed out.

In Equity.

*John L. Boone,* for complainant.

*M. A. Wheaton,* for defendants.

SAWYER, J., (*orally.*)    In this case I am compelled to decide that the evidence is insufficient to show an infringement before the filing of this bill; or, indeed, an infringement at any time.    The evidence is very slight upon those points.    There are two points made by defendants, both of which, I think, are well taken.    One is that if it is conceded that the articles charged to have been made are an infringement of the patent, it does not appear that those articles were sold or made prior to the filing of the bill.    The defendants make that point and rely upon it.    The only testimony is, taking it in its aspect

---

[1] From 8th Sawyer.

most favorable to the complainant, that there was a pair of boots purchased from the defendants, some time before the taking of the witness' testimony, and that it was somewhere within the last two or three months before that date. The testimony was taken about three months after the filing of the bill. There is nothing to show that the purchase was before the filing of the bill. It may have been, so far as anything to the contrary appears, a month, or two months, after the filing of the bill; and the affirmative of the issue is upon the complainant.

There is, then, no testimony, even if we concede that those boots were made and sold by the firm—no evidence to show that they were sold, or made, before the filing of the bill.

The answer denies, categorically and distinctly, that the defendants have infringed the patent, or made the boots, as alleged to have been made in the bill, or otherwise. We have, then, the testimony of one witness only against that of another, and the testimony of that one witness does not show that the pair of boots was sold, or even made, before the filing of the bill. Again, there is no *positive* testimony that these boots were made, or sold, by the defendants at all. The one witness on the point testifies that he sold the boots to the complainant in this case, and *he thinks* it is a pair of boots that his own firm purchased of the defendants. He does not know it, but *thinks* so. That is all there is of that.

The other circumstance relied on is that there is a mark on the boots, which purports to be the mark of the defendant; but there is no testimony that it is the mark of the defendant, or when or by whom it was put on the boots. Defendants are required to answer under oath, or, what is the same thing in substance, an answer under oath is not waived in the bill, and they deny, under oath, categorically and directly, that they made the boots alleged in the bill to have been made, "prior to the filing of the bill, *or otherwise.*" They deny the infringement alleged, and it requires positive testimony to overthrow that answer. The answer, so far as responsive to the bill, directly denying the matters alleged, not only makes an issue, but it is testimony in the case called for by complainant, proving the issue for defendants; and it must be overthrown by the testimony of two witnesses, or the testimony of one witness, and circumstances equivalent to another, or, at least, sufficient to make a preponderance of testimony in favor of complainant. Solicitors, generally, in this circuit, seem to overlook the great disadvantages under which they often labor, in not waiving an answer under oath in equity cases, now that the complainant and defendant are themselves both competent witnesses, and can be *orally* examined under equity rule 67, where the complainant can get the evidence of his opponent, fresh from him in person, under a sharp and pressing examination, instead of having it deliberately shaped by, and cautiously arranged and shaded for him, by his solicitor, at his leisure, in his office. Besides, when examined

orally as a witness, the defendant counts *but one;* and the complainant may offer himself in opposition as to matters within his knowledge, if he swerves in the least particular from the truth; while, if called upon to answer a bill of discovery under oath, the defendant's answer, if responsive to the allegations of the bill, must be overthrown by the evidence of two witnesses, or of one witness, and other circumstances equivalent to a second. Besides, if complainant has other evidence sufficient to overthrow defendant's answer under oath, he has no occasion for a discovery. It would seem that a discovery by answer under oath may now be advantageously waived by the complainant in at least a great majority of cases. No *such* discovery is needed when the proofs can be otherwise made, and when it cannot be thus made, the evidence can be brought out, ordinarily, much more advantageously to the complainant, and less effectively for the defendant, by a skillful, sharp oral examination of the defendant as a witness. Since I have occupied a seat on the circuit court bench, I have been surprised to see how carelessly, if not recklessly or ignorantly, solicitors for complainants often, not to say generally, throw away the advantages of their position by not waiving an answer to a bill in equity under oath. In this case there was no positive testimony that defendants made, or sold, the boots. Only one witness testified that he thought his firm bought the boots of defendants. I am compelled to say that this testimony is insufficient to overthrow the positive denials of the answer, or to establish an infringement. The burden was on the complainant to show that fact by affirmative evidence. It is not necessary to investigate the other points. The bill is dismissed on the grounds alone of an insufficiency of the evidence to show an infringement, and failure, also, to show an infringement before the filing of the bill.