## HIGBY *v.* COLUMBIA RUBBER CO.

*(Circuit Court, D. Massachusetts.* November 22, 1883.)

PATENTS FOR INVENTIONS—PRACTICE.

    A decree in this case, previously entered by consent against the defendants for nominal damages and costs and a perpetual injunction, *held* not to be such a general decree in favor of the plaintiff as will allow him to obtain an attachment for violation of the injunction upon motion. Where a patent has been fully discussed and understood in the trial of the case, and the case has not been closed, but an account is being taken, such a course may sometimes be taken for convenience and the saving of expense, but when such is not the case a bill must be filed and the issues made up in the usual way.

In Equity.

*Gilbert M. Plympton,* for complainant.

*F. P. Fish, B. F. Brooks,* and *H. G. Nichols,* for defendant.

LOWELL, J. The plaintiff filed his bill in February, 1883, alleging himself to be the owner of two patents for improvements in bustles,—one granted to Moses K. Bortree, dated February 25, 1873, No. 136,-127, and the other to himself as assignee of Henry W. Moulton, dated October 17, 1882, No. 266,185,—and that the defendant had infringed these patents. No answer or other pleadings were filed by the defendants, and a decree was entered, by consent, for the complainant, for nominal damages and for costs, and a perpetual injunction was issued. The complainant now moves for an attachment for violation of the injunction, by an infringement of the Moulton patent. The patent of Bortree is not in this case, at this stage of it, and should not have been sued on, as it was surrendered 10 years ago. The defendants reply to this motion that before the suit was brought they had made bustles precisely like those described in the Moulton patent of 1882, in ignorance of the existence of that patent, and that they understood that those only were complained of; that the specimen of their bustles now produced in court by the complainant, as an exhibit of the alleged violation of the injunction, is substantially like what was made by them long before the injunction was issued, and ever since, but different from the one enjoined, and that it is not an infringement of the Moulton patent.

The plaintiff does not deny that the bustle now exhibited is somewhat different from that which was enjoined by consent, but insists that it is substantially like it, and an infringement of the Moulton patent. Both claims of that patent include in the described combination "elastics" attached to an opening in the apron, which make the bustle more completely adjustable than it would be without them. The defendants do not use these elastics in the bustles complained of, and the experts differ in their views of their importance to the bustle, as described by the patentee. The patent has never been construed, either by a court or by the consent of the parties, and the infringement depends upon a construction of the claims. Sometimes

it is a great convenience to the parties to bring supposed infringements to the notice of the court by motion; and, if a patent has been fully discussed and understood in the trial of the case, and if, in the light of that discussion, it is clear to the court that the change which has been made in a machine or a manufacture is merely colorable, there is no objection to this course. When a case has not been closed, but an account is being taken, an arrangement may sometimes be made to instruct the master to include the profits received from the alleged violation in his account, together with such evidence as may be given of its construction and mode of operation; and if the issues are reformed so far as need be to meet this new case, there is a great saving of expense. The case upon the patent was closed months since, and, upon the present motion for an attachment, no regular issues are made up, and the evidence is taken *ex parte;* and it is understood that no appeal can be taken from my order. *Hayes* v. *Fischer*, 102 U. S. 121.

Under the circumstances of the case, the plaintiff cannot justly assert that the consent of the defendants amounts to a general decree in his favor, or will aid me to construe the patent. If he wishes to enjoin the bustle now complained of, he must do it by bill in the usual way.

Motion denied.