## COLLING *v.* JACKSON *et al.*

(*Circuit Court, N. D. California.* January 12, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—WEIGHT OF EVIDENCE.

In an action for infringing a patent for electric belts, defendants answered, under oath, denying that they had ever used the invention or infringed the patent. It was admitted, however, that one of them made a belt, but he testified that he destroyed it without ever using or attempting to sell it. Complainant testified that one of defendants showed him a belt like his own, and offered it for sale. A witness said that defendants showed him a like belt, and offered it for sale.

Another witness said that the wife of one of defendants showed and offered to sell him such a belt. In answer to a letter notifying him that he was infringing the patent, one of defendants answered, through his attorney, that complainant had copied the belt from him, and must disclaim, or be prosecuted for perjury, and damages. There was other similar evidence. *Held* sufficient to show an infringement.

In Equity.

HAWLEY, J., (*orally.*) This is a bill in equity, alleging an infringement, by defendants, of complainant's patent on electric belts. When complainant applied for a patent in the patent-office, the defendant Jackson interfered to prevent the issuance of the patent. The day set for filing preliminary statements having passed without any action being taken by Jackson, judgment of priority of invention was rendered in favor of complainant, and as no appeal was taken that judgment is final. Defendants, after denying that complainant was the inventor, deny that they, or either of them, have unlawfully used said invention, or infringed upon said letters patent, or intend to do so. The answer is under oath. The case turns upon the question whether there is sufficient testimony to authorize this court to find that defendants have made, used, and sold electric belts that were an infringement of complainant's patent prior to the filing of his bill. To overthrow the averments in an answer under oath, denying the material averments of the bill, it requires the evidence of two witnesses, or at least one witness, and other circumstances equivalent to a second. *Slessinger* v. *Buckingham*, 8 Sawy. 469, 17 Fed. Rep. 454. Is the testimony governed by these rules sufficient to authorize a recovery in this case? In the consideration of this question it must be borne in mind that electric belts can be made in secret, and when sold are worn upon the person, and not exposed to public view; that if the party making and selling the same uses precaution, he can prevent publicity in regard thereto. The discovery of the making, using, or selling could be ascertained in many cases by mere chance or accident.

It is admitted in this case that the defendant Jackson made a belt prior to the issuance of the patent to complainant. Jackson, however, denies that he ever used it, or attempted to sell it, and testifies that he destroyed it. He claims that he has never made, used, or offered for sale any belt that is an infringement upon the patent of complainant. The defendant Arnold makes the same denial. Complainant testifies that the defendant Arnold showed him a belt that was exactly like his own, and offered it for sale. The witness Coughlin went to the defendant Arnold's office in company with the defendant Jackson, and testifies that Jackson showed him a belt identical with complainant's, and that it was offered for sale. Complainant was unknown to defendant Arnold at the time of his first visit. He afterwards notified Arnold who he was, and that he was an inventor, and had invented the belt previously shown to him. The defendant Arnold, after being thus notified, told the complainant that he considered him unworthy of belief; that he was an old sailor, and a fraud, and that the belt was invented by defendant

Jackson, who was a mechanic, and said to complainant that he would make and sell all he could. Jackson, through his attorney, in answer to a letter notifying him that he was infringing complainant's patent, said that complainant had copied the invention from him, (Jackson,) and that Colling must disclaim or be prosecuted for perjury, and damages. The witness Sherwood testified that he called at Jackson's house, and asked for electric belts; that Mrs. Jackson showed him a belt, a similar one to Exhibit C, offered in evidence. She offered to sell the belt to him, but said she would rather the witness would call when Mr. Jackson was in, because he had the day before given her a great scolding for exhibiting belts, for fear it might get him into trouble. The testimony of the defendant is in many respects secretive, evasive, and unsatisfactory. Especially is this true of the testimony of Jackson. Upon the whole case, after a careful consideration of all the testimony, I am of opinion that complainant is entitled to recover. Complainant's counsel will prepare and submit the usual decree in cases of this character, that there has been an infringement by defendants, with an order referring the case to the master in chancery to ascertain the damages.