JUDSON MANUF'G Co. v. BURGE-DONAHOO Co.

(*Circuit Court, N. D. California.* July 27, 1891.)

PATENTS FOR INVENTIONS—EVIDENCE OF INFRINGEMENT.

In an action by an assignee of a patent for its infringement, it appeared that ten machines alleged to be infringements had been manufactured by a third person, and consigned to defendant prior to the assignment. Of these, eight were in defendant's shop unsold, and two, which had been sent out on trial, were condemned and returned; but it did not affirmatively appear when they were sent out or tried. In settlement with the manufacturer, these two had been billed back and held subject to its order. *Held*, that the evidence failed to show any infringement, sale, or use of the machines prior to the filing of the bill.

In Equity. Bill by Judson Manufacturing Company against the Burge-Donahoo Company for infringement of a patent.

*John L. Boone*, for complainant.
*Wm. Hoff Cook*, for respondent.

HAWLEY, J. This is a suit in equity for the infringement of letters patent No. 327,683, granted October 6, 1885, to L. B. Hogue, for "combined cultivator and weed-cutter." Hogue assigned the patent to Mi·

chael Ayers on the 11th day of December, 1889, and on the 17th of said month Ayers assigned the same to complainant. Respondent contends that there is no proof of any infringement by respondent subsequent to such assignment, and that complainant, having failed to prove that respondent ever made, sold, or offered for sale any of the machines alleged to be an infringement of the patent, is not entitled to a decree. It is alleged in complainant's bill that respondent since the 1st day of January, 1890, and before the commencement of this suit, at the city and county of San Francisco, state of California, did make, construct, use, and vend to others to be used, and does now continue to make, construct, use, and vend to others to be used, combined cultivators and weed-cutters, containing the invention patented in and by the letters patent aforesaid.

Has this averment been proved? The bill was filed in June, 1890. From the testimony it appeared that the machines claimed to be an infringement of the patent came from the Moline Plow Company, in Illinois. Ten machines were consigned to respondent, dealer in agricultural implements. They were received in March or April, 1889. In November, 1890, when the testimony was taken, respondent had eight of the machines in its shop in San Francisco. Respondent never sold, made, or manufactured any of the machines. It sent out two machines on trial, which were condemned and returned. One was sent to Donahoo, Emmons & Co., of Fresno, Cal., and the other to Mr. Young, at Lerdo, in Kern county, both of said places being in the southern district of California. The time when these machines were sent out or used does not affirmatively appear. Mr. Burge testified that the machines were not their property. "When we settled with the Moline Plow Company, some three weeks ago, those machines were transferred and billed back to them, and we hold them subject to their order." The only testimony as to the use of these machines is given by Mr. Burge, as follows:

"*Question.* To whom did you send the first machine from your place? *Answer.* Donahoo, Emmons & Co., at Fresno. *Q.* What did you send it to them for? *A.* Mr. Donahoo is a partner in that house as well as in ours, too, and we had had those machines on hand so long, without any success, that he suggested the sending of one out on trial. *Q.* And so you sent it down there? *A.* Yes, sir; he took it out himself. *Q.* And you say it wouldn't operate successfully? *A.* No, sir; it wouldn't operate, and it is still at the place of the party who tried to operate it. *Q.* It was given a fair trial, was it? Do you know how long it was operated? *A.* No, sir; I don't know whether they worked it an hour, or five hours; but it was tried."

The testimony fails to show, to my satisfaction, that respondent sold or used any of the machines in this district. I cannot presume, against the direct testimony of Mr. Burge, that the sending out of the machine was a sale. It is unnecessary to consider any of the other points presented by the testimony. The bill is dismissed, on the ground that the evidence is insufficient to establish any infringement, **sale, or use of the** machines by respondent before the filing of the bill.