SCHULTZE v. HOLTZ et al.

(Circuit Court, N. D. California. August 23, 1897.)

No. 12,101.

1. PATENTS—INFRINGEMENT SUITS—PLEADING—DENIAL OF UTILITY.

A statement in a verified answer that complainant's invention is used only for gambling purposes in saloons and barrooms, and cannot be used for any other purpose, is sufficient evidence of want of utility, in the absence of testimony supporting the patent, to overcome the prima facie case made by the patent itself.

2. SAME—COIN-CONTROLLED APPARATUS.

The Schultze patents, Nos. 502,891 and 514,664, for improvements in coin-controlled apparatus, *held* invalid for want of utility.

This was a suit in equity by Gustav F. W. Schultze against Theodore Holtz and others for alleged infringement of certain patents for improvements in coin-controlled apparatus.

John H. Durst, for complainant.

M. H. Hernan, for defendants.

MORROW, Circuit Judge. The bill in this suit is filed to restrain the infringement of certain letters patent No. 502,891 and No. 514,664, granted to the complainant on August 8, 1893, and February 13, 1894, respectively, it being alleged that said patents are for a certain new and useful invention, to wit, certain new and useful improvements and combinations of mechanism in a coin-controlled apparatus. The answer denies, among other things, that the inventions of complainant are new and useful. On the contrary, it is specifically averred that the only use to which the complainant's inventions have been put or applied is for gambling purposes in saloons and barrooms and other drinking places in and about the city and county of San Francisco, state of California, and that the said coin-controlled apparatus cannot be used for any other purpose. Testimony was taken by the complainant, who introduced the evidence of two witnesses, tending to show that the defendants had infringed. No testimony was introduced by the defendants. Solicitor for complainant asks for a decree in his favor on the ground that the defendants have presented no evidence nor made any showing which would justify the court in refusing the complainant his decree. The defendants, however, filed a verified answer, which, in equity, in so far as it is responsive to the bill, not only makes the issue, but is testimony in favor of the defendants, and can only be overthrown by the testimony of two witnesses, or the testimony of one witness and circumstances equivalent to another, or at least sufficient to make a preponderance of evidence in favor of complainant. Slessinger v. Buckingham, 8 Sawy. 470, 17 Fed. 454; Vigel v. Hopp, 104 U. S. 441; Fost. Fed. Prac. (2d Ed.) p. 173, § 84. The complainant, as stated, did introduce the testimony of two witnesses, and defendants, upon cross-examination, elicited testimony which tends to show that the invention of complainant was not new and useful, and that it was a gambling device, and could be used for no other purpose. This testimony was, however, obtained over the objection of the complainant

that it was not proper cross-examination, the witnesses not having been interrogated on that subject in their direct examination. The objection appears to have been well taken, and this testimony must, therefore, be excluded. The case then stands upon the patent and the averments of the answer that the only use to which the invention has been put or applied is for gambling purposes in saloons, bar-rooms, and other drinking places in and about the city and county of San Francisco. This averment is not new matter, but it is responsive to the allegations of the bill that "complainant was the true, original, sole, and first inventor of a certain new and useful invention, to wit, of certain new and useful improvements and combinations of mechanism in a coin-controlled apparatus; * * *, that the said invention has been of great profit, convenience, and benefit to the public." The patent is prima facie evidence of the utility of the invention it describes, and a mere denial of utility in the answer to a bill for infringement is not sufficient to overcome such prima facie evidence. 3 Rob. Pat. § 1029. But in this case the verified answer not only denies that the invention is new and useful, but alleges a specific fact, which, if true, disposes of the question of utility. It charges directly that the apparatus is used for gambling purposes, and that it cannot be used for any other purpose. Clearly, this is an allegation which, under the rule, should be treated as testimony in favor of the defendants, and, in view of the fact that the complainant has introduced no testimony to support the patent, it is, in my judgment, sufficient to entitle the defendants to a decree in their favor. The same conclusion would probably be reached in looking at the claims and specifications of the patent upon the allegations of the answer treated as merely raising the issue of utility. In patent No. 514.664 the inventor sets forth the object of the machine as follows:

"In my previous machine and in this the main object is to return the coin deposited in the machine, or an equivalent thereof, in case a predetermined result be not arrived at; otherwise to retain said coin. This result may be of any suitable character, as, for example, the telling of a fortune, which may be effected by means of a prepared list of statements corresponding to the various positions of the indicating disk."

There is certainly no utility apparent in this device. Let a decree be entered for the defendants, with costs.