WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEER-
ING CO.

(Circuit Court, S. D. New York. January 21, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the article made by defendant prior to the filing of a bill for in-
fringement of a patent did not infringe, and no intention then to infringe
is shown, a subsequent change in structure, which transforms the nonin-
fringing into an infringing device, will not warrant the granting of a pre-
liminary injunction.

In Equity. Suit for infringement of letters patent No. 360,070 for
a fluid pressure automatic brake mechanism granted to George West-
inghouse, Jr., March 29, 1887. On motion for preliminary injunction.

Frederick H. Betts, for complainant.
William A. Jenner, for defendant.

LACOMBE, Circuit Judge. This suit was brought to enjoin an
alleged infringement. Upon proofs showing the type of valve which
defendant had manufactured and sold before suit brought, it was held
that such type did not infringe the patent under the restricted construc-
tion given to it by the Supreme Court (Westinghouse v. Boyden
Power-Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136),
and that defendant's device was similar to the Boyden valve, possessing
a structural feature which that court held differentiated the Boyden
valve from the valve of 360,070. Since then defendant has so modified
its valve as to eliminate the feature which differentiated it, and it is
thought that as now constructed it infringes 360,070, as construed by
the Supreme Court.

When an infringing device is shown to have been made before suit
brought, the charges of the bill will be held broad enough to cover
subsequent changes of structure which also infringe, and successive
preliminary injunctions may issue to cover each and all of such modi-
fied forms. But no authority is called to the attention of the court
which holds that where no infringement is shown before filing of the
bill, and no threat to infringe is proved by evidence of an intention
then to manufacture a particular structure, which the court can see will
infringe if it be made, a subsequent change of structure, which trans-
forms a noninfringing into an infringing device, will warrant the issu-
ing of a preliminary injunction. There are several cases which hold
the other way. Humane Bit Co. v. Barnet (C. C.) 117 Fed. 316;
Slessinger v. Buckingham (C. C.) 17 Fed. 454; Judson Mfg. Co. v.
Burge-Donahue Co. (C. C.) 47 Fed. 463.

The motion is denied, with leave to renew after defendant shall have
applied for and obtained leave to file a supplemental bill.