WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEERING CO.

(Circuit Court, S. D. New York.   January 2, 1904.)

1. JURISDICTION OF PERSON—MANNER OF RAISING OBJECTION—APPEARANCE.
   The question of the jurisdiction of the court over the person of the defendant cannot be raised by demurrer, but should be raised by a special appearance for that purpose, and a plea or answer setting up the facts. By appearing and filing a demurrer the defendant waives the objection.

2. PATENTS—SUIT FOR INFRINGEMENT—SUPPLEMENTAL BILL.
   The fact that, pending a suit for the infringement of a patent, the defendant modifies the alleged infringing structure, affords no ground for a supplemental bill alleging infringement by the new structure.   If the original structure infringed, full relief may be obtained as to the new structure under the original bill, while if it did not a new case, based on infringement subsequent to the commencement of the suit, cannot be made by a supplemental bill.

In Equity.   Suit for infringement of patent.   On demurrer to supplemental bill.

Frederic H. Betts, for plaintiff.
Wm. A. Jenner, for defendant.

WALLACE, Circuit Judge.   The defendant cannot by a demurrer question the jurisdiction of the court over the person of the defendant. The proper mode of raising that objection is by a special appearance for that purpose, and a plea or answer, so that the facts showing whether or not the defendant has been properly served with process can be made fully to appear.   By appearing generally and interposing a demurrer the defendant waives the objection.

The supplemental bill is, however, objectionable upon other grounds assigned by the demurrer.   It is an attempt to put in issue facts occurring subsequently to the filing of the original bill, which can be proved without the aid of the supplemental bill, and which when proved will not entitle the complainant to any relief which he cannot obtain under the original bill.   According to the averments of the supplemental bill, the original bill charges the defendant with infringement of the complainant's patent by making, selling, and using certain air-brake mechanism containing the inventions of the patent. The supplemental bill alleges that since the original bill was filed, and while proofs were being taken in the suit, the defendant modified or changed its mechanism in such a manner that it "clearly" contains the invention of the patent.   If the defendant had not infringed when the original bill was filed, complainant is not entitled by a supplemental bill to establish a right to relief by proof of subsequent acts. On the other hand, if the defendant had infringed, the new acts of infringement can be proved upon the accounting and full relief obtained under the averments of the original bill, and a supplemental bill is neither necessary nor proper.   "Not every relevant event happening posterior to a bill renders a supplemental bill admissible, and there-

¶ 1. See Appearance, vol. 3, Cent. Dig. §§ 45, 80, 92.

¶ 2. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

fore when only a fact has occurred which may be proved on taking the account prayed for by the original bill a supplemental bill is improper and demurrable." 3 Daniels, Ch. Pr. 1663. But if the original bill entitles the complainant to one kind of relief, and facts subsequently occur which entitle him to other or more extensive relief, he may have such relief by setting out new matter by a supplemental bill. Candler v. Pettit, 1 Paige, 169, 19 Am. Dec. 399.

Courts refuse in contempt proceedings to punish a defendant for violating an injunction when it is doubtful if the injunction extends to the act complained of; and for this reason, in patent causes, when the alleged contempt consists in the use or sale of an invention which has not been adjudged an infringement either at the application for a preliminary injunction or by the final decree, and is not so manifestly one that the defendant's intentional violation is clear, the courts have declined to decide the question of a new infringement upon proceedings for contempt. In some of the reported cases the courts have suggested that the complainant should resort to a supplemental bill, and these suggestions have led to a practice in patent causes which is not sanctioned by the rules of equity practice. When the new infringements can be proved, and complete relief obtained under the original bill, the suit has not become imperfect, or, in the language of equity rule 57, has not become "defective," and it is only in that event that a supplemental bill is permitted. When a new infringement occurs two courses are open to the complainant—if the cause has not gone to final decree, he can apply to have the injunction extended so as to include the new device; and if the cause has gone to final decree, he can file a new bill. Gold & Stock Tel. Co. v. Pearce (C. C.) 19 Fed. 419; Higby v. Columbia Rubber Co. (C. C.) 18 Fed. 601; Westinghouse v. Christensen Co. (C. C.) 121 Fed. 558.

The demurrer is sustained.