BANKS LAW PUB. CO. v. LAWYERS' CO-OPERATIVE PUB. CO.

(Circuit Court, S. D. New York. June 16, 1905.)

1. COPYRIGHTS—INFRINGEMENT—PLEADING—SUPPLEMENTAL BILL.

In a suit for infringement of copyrights of a number of books the complainant may properly be allowed by a supplemental bill to set up further infringements of other books of the same series, occurring subsequent to the filing of the original bill, the parties being the same, and the subject-matter of the same general character, which may appropriately be determined in the same suit.

2. SAME.

Where a bill for infringement of copyright sufficiently alleges title in complainant to the cause of action by assignment, a supplemental bill otherwise good is not invalid because it alleges a further assignment in the nature of a confirmation or ratification of complainant's title.

In Equity. Suit for infringement of copyright. On demurrer to supplemental bill.

J. Adriance Bush, Wm. Hepburn Russell, and Frank L. Crawford, for complainant.

Frederick F. Church and Frank F. Reed, for defendant.

HAZEL, District Judge. This is a bill to enjoin infringement of a series of books, 24 in number, for which the complainant claims copyrights. The infringing acts consist of imitating complainant's publication of the Official Edition of Reports of the United States Supreme Court, in that the paging is reproduced, and the general arrangement of the reported decisions, together with complainant's system of numbering the volumes, is simulated. Since filing the original bill, and after taking evidence showing the nature and extent of the infringement and complainant's legal title to the copyrights, two additional books of decisions have been published by the defendant. Such later publications are claimed by complainant in the supplemental bill to infringe eight additional volumes of complainant's publication and copyrights. The supplemental bill also avers a so-called "confirmatory assignment" to pass to the complainant the legal title of Banks & Bros., a copartnership, to the certain copyrights of the books in question. The defendant demurs to the supplemental bill on the grounds that separate and distinct causes of action are alleged, and, further, that the allegation of a confirming assignment is inconsistent with and contradictory of the allegation of title as specified in the original bill. Defendant contends that the complainant cannot, during the pendency of the suit, cure a bad or defective bill; and also that the later charges of infringement are distinct and independent wrongs, which may not be brought into the suit by supplemental bill. The proposition that the original bill was bad or defective, however, is not strictly in question. The later infringements were not covered by the original bill, which properly alleges a cause of action of earlier wrongful acts; and it is elementary that any matter which has happened since the filing of the bill may be brought in by supplemental bill. Story on Equity Pleading (10th Ed.) § 330. In Foster's Federal Practice, § 187, the rule is thus stated:

"A supplemental bill, according to Lord Redesdale, is merely an addition to the original bill. * * * When an event happens subsequently to the filing of an original bill, which gives a new interest in the matter in dispute to any person, whether or not already a party, without depriving all of the original plaintiffs suing in their own right of their interest, the defect arising from this event may be supplied by a supplemental bill."

It has been held in this circuit that facts accruing after the filing of the original bill, showing, for instance, infringement of a patented device by the subsequently modified structure, where there was infringement before suit was brought, did not warrant filing a supplemental bill. Westinghouse Air Brake Co. v. Christensen Engineering Co. (C. C.) 121 Fed. 558; Id., 126 Fed. 764. In such cases the scope of the original bill is deemed broad enough to include later charges of infringement, and, if the evidence under the original bill establishes the wrongful acts, the new infringing acts are provable upon the accounting, and proper relief may be afforded. The cases cited, however, do not strictly apply here, as the wrongful acts complained of in the supplemental bill not only subsequently occurred, but relate to separate infringements of separate copyrights of the books in question. In order to prove subsequent acts, assuming the original bill alleges a meritorious cause of action against the defendant, it was necessary for complainant to file a supplemental bill. The law abhors a multiplicity of suits; and when the parties are the same, and the subject-matter is of the same general character, courts will be slow to refuse leave to aver in an amended or supplemental bill additional actionable facts which will assist in a final disposition of the grievances which are the subject of the litigation. Although the allegations of later infringements are separate and distinct from earlier assertions of infringement, yet they are not so inseparable, when alleged in a supplemental bill, as to entirely preclude a determination in the pending action. In Mellor v. Smither, 114 Fed. 116, 52 C. C. A. 64, the rule where new matter arising subsequent to the filing of the original bill is introduced by supplemental bill is stated as follows:

"If he had no cause of action then, he cannot, by amendment or supplemental bill, introduce a cause of action that accrued thereafter, even though it arose out of the same transaction that was the subject of the original bill. * * * But where a cause of action exists at the filing of the bill which is defectively presented by the bill, the defects may be remedied by amendment, and matters occurring after the filing of the bill may be presented by supplemental bill. * * * Where material facts have occurred subsequent to the beginning of the suit, the court may give the plaintiff leave to file a supplemental bill, and where such leave is given the court will permit other matters to be introduced into the supplemental bill which might have been incorporated in the original bill by way of amendment. Stafford v. Howlett, 1 Paige, 200."

The quotation correctly states, I think, the practice covering the purpose of a supplemental bill. For this reason the first ground of demurrer is not sustained.

As already intimated, the supplemental bill avers an assignment, since the action was instituted, from two of the former owners of certain copyrights which are the subject of the suit. The original bill merely avers the assignment to Banks & Bros., No. 2, to one

David Banks, acting in behalf of the complainant, and the assignment thereafter by him to the complainant. These are not thought to be such inconsistent or contradictory averments as to invalidate the supplemental bill. The later assignments evidently are in the nature of a ratification of the earlier acts, and, as the allegation of title was concededly well pleaded, would seem to merely affect the weight of the evidence of the title asserted in the original bill.

Demurrer is overruled, with costs.