## STAPLES & HANFORD CO. v. LORD.

## LORD v. STAPLES & HANFORD CO.

(Circuit Court of Appeals, First Circuit. April 27, 1906.)

### Nos. 624, 629.

PATENTS—INFRINGEMENT—SPRING SUPPORTS.

The Staples patent, No. 474,536, for spring supports formed of wire for seats, etc., was not anticipated, and discloses invention, but is limited to such supports having bends in the wire to receive the springs and to prevent them from slipping thereon. As so construed claims 1 and 3 *held* infringed by one structure made by defendant, and not infringed by another.

Appeals from the Circuit Court of the United States for the District of Massachusetts.

The following are the opinions of LOWELL, Circuit Judge, in the court below:

This was a bill in equity to restrain the infringement of letters patent No. 474,536, issued May 10, 1892, to Staples. Claims 1 and 3 are in suit, viz.:

"(1) The combination, with the seat-frame, of spring-supports formed of wire, with horizontal portions of approximately the measurement of the opening of the seat-frame and having bends in the wire to receive the springs, and end portions extending upward and laterally to rest upon the upper surface of the seat-frame and adapted to be bent to fit various sizes of frames, and means for permanently attaching the ends of such spring-supports to the upper surfaces of the seat-frame, substantially as set forth."

"(3) The combination, with the seat-frame, of spring-supports formed of wire, with horizontal portions of approximately the measurement of the opening of the seat-frame and having bends in the wire to receive the springs, and end portions extending upward and laterally to rest upon the upper surface of the seat-frame and adapted to be bent to fit various sizes of frames, and downwardly-projecting ends to enter holes in the seat-frame, substantially as set forth."

The complainant introduced evidence to show that before his invention the springs of carriage cushions, chair seats, lounges, and other unholstered furniture were supported upon webbing, an inconvenient, dirty, and weak arrangement; that webbing was the only support in practical use; that his patented wire supports came into use slowly, but are now generally employed throughout this country, as well as in Germany. The defendant contended that the patented arrangement was anticipated by metal straps or strips employed as spring supports. Several patents were introduced in evidence showing this arrangement, and it was old in the art; but it was not in commercial use and, as compared with the patent, its disadvantages are obvious. The defendant's argument referred also to wire fastenings which hold bed-springs in place. Ordinarily these fastenings merely connect the springs, and do not form a complete base upon which the springs rest. The whole structure, including the springs, in most instances rests upon slats, though in some

cases the connecting wires are more extended, and support, or could support, a part of the weight.

With some doubt, I am of opinion that invention was needed to develop the patented device from the prior art. For years bed-springs had been connected by wires, yet wires had not been used as spring supports in upholstered furniture. Though the patented device did not come into immediate general use, yet in a few years its use had become almost universal and, in the language of some of the largest manufacturers, had practically caused a revolution in the method of adjusting springs. The wires of the patent are easily adjusted and can easily be bent into shape, so as to fit seat-frames of slightly varying sizes. The patented device is useful also in that the spring supports may be sharpened at the end and driven into the frame of the seat. For transportation, the spring supports may be packed in very small compass as pieces of wire of moderate length, the parts being assembled at the upholsterer's with little trouble. Upon the whole, I think that both the claims in suit are valid, and should have a reasonably broad construction. If this be true, the defendant has infringed. His manufacture is under a patent whose validity need not be considered here. It describes a particular method of attaching the springs to the wires, which may be a patentable improvement; but the later patent cannot protect one who makes use of the general method of supporting wire springs, which is claimed in the patent in suit.

Decree to be entered for complainant for an injunction and account.

The complainant filed a bill in equity to restrain the infringement of letters patent No. 474,536. The first and third claims, which were in suit, are as follows:

"(1) The combination, with the seat-frame, of spring-supports formed of wire, with horizontal portions of approximately the measurement of the opening of the seat-frame, and having bends in the wire to receive the springs, and end portions extending upward and laterally to rest upon the upper surface of the seat-frame, and adapted to be bent to fit various sizes of frames, and means for permanently attaching the ends of such spring-supports to the upper surfaces of the seat-frame, substantially as set forth."

"(3) The combination, with the seat-frame, of spring-supports formed of wire, with horizontal portions of approximately the measurement of the opening of the seat-frame and having bends in the wire to receive the springs, and end portions extending upward and laterally to rest upon the upper surface of the seat-frame, and adapted to be bent to fit various sizes of frames, and downwardly-projecting ends to enter holes in the seat-frame, substantially as set forth."

After final hearing, a perpetual injunction was issued, though no final decree has yet been entered. Thereafter the complainant filed in the same proceeding a petition asking that the defendant be restrained from using and selling a device not precisely identical with that complained of in the original bill. The question of infringement raised by this petition has been heard upon affidavits. The defendant contends that it cannot be disposed of except after a full hearing of witnesses, with opportunity for cross-examination, and that, if the complainant wishes to proceed more summarily, he should do so by contempt proceedings in this case, or by a new bill. The question of practice need not be decided at the present time, as the court is convinced that the defendant must prevail on the merits. In the claims above quoted, the defendant has stated, as an element of his invention, that his "spring-supports formed of wire" have "bends in the wire to receive the springs." The defendant's wires have no bends, and the springs are attached to his straight wires by separate wire fastenings. That the patentee deemed the "bends in the wire to receive the springs" to be an essential part of his invention appears from the claims above quoted from the specifications (page 1, lines 41–46, page 2, lines 53–56), and from the proceedings in the Patent Office, as disclosed by the file wrapper of the patent in suit. The defendant wrote the Commissioner of Patents as follows: "The spring-support is bent so as to hold the

spring itself from slipping upon the wire." See defendant's record in original proceedings, page 65. And "the bends in the wires, in the form of eyes or corrugations, hold these springs so that they do not slip upon the spring-supports." Page 66. Under these circumstances, the difference between the patent in suit and the defendant's device alleged to infringe, has been made material by the patentee, and the court cannot disregard his action. The difference between the defendant's spring support and the patent is considerable. While the defendant may have reverted to this clumsy and complicated device merely in order to avoid the complainant's patent, yet he may have the right to do this very thing. Those who prefer to buy the defendant's spring supports, with their separate and superfluous wire fastenings, instead of the neater and simpler patented device, cannot be hindered from doing so. That the patentee could have obtained broadly a patent for his spring supports, irrespective of their adaptation to receive the springs, is not so plain as to warrant an injunction upon this petition.

Petition denied.

Frederic P. Warfield (Holland S. Duell, on brief), for complainant. Fred L. Chappell, for defendant.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PER CURIAM. The court adopts the conclusions of the Circuit Court and the line of reasoning shown by the two opinions passed down by the learned judge of that court with reference to the matters brought before us on these appeals. In each case the decree will be:

The decree of the Circuit Court is affirmed, and the appellee recovers costs of appeal.