## MURRAY v. ORR & LOCKETT HARDWARE CO.

(Circuit Court of Appeals, Seventh Circuit. February 8, 1907. Rehearing Denied March 15, 1907.)

### No. 1,342.

**1. PATENTS—SUIT FOR INFRINGEMENT—ALLEGED NEW INFRINGEMENTS.**

Where a patent has been adjudged valid and infringed and an accounting ordered, it is the better practice to require the complainant to set up any alleged new infringements by supplemental bill, which can be disposed of and the order of reference modified as required, rather than to extend the accounting to devices which have not been adjudged to infringe and entail costs upon the parties which may prove unnecessary.

**2. SAME—MATTERS CONCLUDED BY DECREE.**

It is not open to a defendant on the question of additional infringements after a decree adjudging infringement by one device to refer to the prior art to limit the scope of the invention to less than was found by the court on the original hearing.

**3. SAME—INFRINGEMENT—STORE SERVICE LADDERS.**

The Murray patent, No. 442,531, for a store service ladder, *held* infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Josiah McRoberts, for appellant.

John G. Elliott, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. In Murray v. Orr & Lockett Hardware Co., 138 Fed. 564, 71 C. C. A. 68, we held that Murray's patent for store service ladders, No. 442,531, issued December 9, 1890, was valid and infringed, reversed the decree which dismissed Murray's bill, and remanded the cause "with the direction to the Circuit Court to enter a decree in complainant's favor for an injunction and an accounting." In that record the only infringement proven was defendant's sale of certain ladders known as the "Columbia." The Circuit Court entered a decree in conformity to our mandate and referred the cause to a master to take an accounting. On the hearing before the master complainant claimed the right to inquire into defendant's sales not only of Columbia, but also of Nox-em-all, Bon-Ton, and Victor ladders, asserting that these last named, equally with the Columbia, infringed upon the invention as it was defined in our opinion. Defendant insisted that the accounting be limited to Columbias. Thereupon the master asked the Circuit Court for instructions. The instructions were to proceed with an accounting as to all of the types, leaving the question of infringement by defendant's sale of ladders other than Columbias open to determination by the court after receiving the report of the master. The master reported separate amounts as to each of the types. On a hearing of exceptions to the report the court entered a decree awarding to complainant certain sums on account of defendant's sales of Columbia and Nox-em-all ladders, and denying relief as to Bon-Ton and Victor ladders on the ground that they do not infringe. From the latter part of this decree complainant appeals.

When the order of reference was made, the only infringement established by the decree was defendant's sale of Columbia ladders. We think it is better and cleaner-cut practice to require a complainant to set up alleged new infringements in a supplemental bill. Thereupon, if it should be found that the additional types contain only colorable departures from the adjudged infringing type, the decree for an injunction and an accounting and the order of reference could be extended to cover them specifically; or, if the changes should appear to be so radical that the pending suit ought not to be cumbered and delayed by practically a new issue, the supplemental bill could be dismissed with leave to the complainant to begin an independent suit. We deem this the better practice, because, if an accounting before the master is extended to devices that have not been adjudged by the court to be infringements, a very great and unnecessary consumption of time and burden of costs may be imposed upon the parties.

The decree in this case, made after an accounting was had, adjudging that the Bon-Ton and Victor ladders are not infringements of the patent, is determinative of complainant's rights, and therefore has properly been brought here for review.

The essence of the invention was thus defined in our opinion:

"The Murray patent is a store ladder whose weight is wholly upon the rollers upon the floor or base shelf; the upper fastening being a loose one, by means of hooks intended solely to keep the ladder from tipping over. * * * This new thought in the art of ladder making—the utilizing of the man's weight to adjust the center of gravity—clearly was in the mind of the inventor (letters patent, line 40 et seq.), and finds embodiment in the mechanical means adapted to that end."

And we held defendant's Columbia ladder to be an infringement, because the upper fastening, though not strictly a hook, performed in the combination the office of Murray's hook by "yielding itself, without destroying its usefulness, to the balancing motion of the man's body," so that the ladder, with the weight wholly upon the bottom rollers, might be propelled laterally without friction. When either side of Murray's hook touches the guide-rod, there is a rubbing contact. When one side of the Columbia hook touches, there is a rubbing contact; when the other, a rolling contact. On both sides of the hooks of the Bon-Ton and Victor, which are identical throughout except that one runs on the floor and the other on the base shelf, rollers are provided. In these hooks, as in the Columbia's, there is sufficient looseness to enable defendant to utilize and defendant does utilize the essential features of Murray's invention as we defined it. It was not open to defendant on the question of additional infringements to refer to the prior art to limit the scope of the invention to less than we had found it to be in determining the infringement of the Columbia ladder. As the changes from the Columbia type are only colorable, the part of the decree that is questioned on this appeal must be reversed.

A suggestion was made with respect to our ascertaining from the master's report the amounts that should be adjudged on account of these additional infringements. We think the assessment should be made by the Circuit Court.

Decree reversed for further proceedings.