## HOUGHTON v. WHITIN MACH. WORKS.

(Circuit Court, D. Massachusetts. May 6, 1908.)

### No. 340.

PATENTS—SUIT FOR INFRINGEMENT—SUPPLEMENTARY PROCEEDINGS.

Where the validity of a patent has been adjudged by the Circuit Court of Appeals, and pursuant to its mandate an interlocutory decree has been entered for an injunction and accounting, the complainant may properly be permitted by supplemental bill or petition in the same case to present the question of infringement by another device made by defendant, and, if infringement is found, to have it included in the decree and accounting.

In Equity.

Louis W. Southgate, for complainant.
William A. Jenner, for defendant.

LOWELL, Circuit Judge. After the decision of the Circuit Court rendered April 23, 1908 (not for publication), which directed the master to exclude from the scope of the accounting a device of the de-

fendant known as "Whitin C," the complainant filed a petition asking for a construction of the interlocutory order of injunction now on file, in order to determine whether Whitin C is an infringement of the patent in suit. To this end, the complainant, "prays that he may be allowed to take proofs to present this infringement to the court for its ruling thereon, and that said Whitin Exhibit C may be included in the said interlocutory decree, and may therefore be adjudged to be within the injunction heretofore ordered by this court, and that the master be ordered to include said exhibit in the accounting." To this course the defendant objects, and suggests that the complainant's remedy is by an original bill.

The court heretofore refused to admit Whitin C into the accounting, for this reason, among others, that the proof of infringement by Whitin C was not sufficiently clear. To permit an inquiry concerning the profits arising from Whitin C before it was adjudged to infringe, appeared to this court to be unfair. The complainant now seeks to have the question of infringement determined in a manner substantially like that of an ordinary equity suit, and asks that Whitin C be brought into the accounting only if the issue of infringement be determined in his favor. The proceedings for reaching Whitin C proposed by the complainant and the defendant, respectively, seem at first sight to differ only in name.

But since the decree rendered by this court in favor of the complainant and in pursuance of the mandate of the Circuit Court of Appeals is only interlocutory, and not final, the validity of the patent has not become res judicata, and so the defendant may set up the invalidity of the patent in defense to another original bill, and may introduce evidence bearing upon that issue. This is admitted to be the real reason of the complainant's preference for a proceeding in the suit now pending, and is believed to be the reason for the defendant's preference for a new original bill. Considering that the validity of the patent has been established by a judgment of the Circuit Court of Appeals, I think the complainant is entitled to the advantage which he seeks, and that he should not be compelled, in a proceeding against the same defendant, to establish a second time the validity of his patent.

The course of proceeding sought by the complainant, therefore, appears to me inherently reasonable. It seems to have been approved by implication, at least, in Westinghouse Air Brake Co. v Christensen Engineering Co. (C. C.) 126 Fed. 764; Higby v. Columbia Rubber Co. (C. C.) 18 Fed. 601; Gold & Stock Tel. Co. v Pearce (C. C.) 19 Fed. 419; Lord v. Staples, 148 Fed. 16, 78 C. C. A. 167. In Murray v. Orr & Lockett Hardware Co., 153 Fed. 369, 82 C. C. A. 445, and perhaps in Westinghouse Co. v. Christensen Co. (C. C.) 121 Fed. 558, a proceeding by way of supplementary bill was suggested. But that procedure is not more acceptable to the defendant than is the procedure by petition here proposed by the complainant, and the latter may be taken to be the equivalent of the former. The defendant will have 20 days to answer the complainant's petition, and, after issue properly joined, the parties will proceed to take evidence in the usual manner before an examiner.